Marvin F. SCHULTZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 46818.

Court of Criminal Appeals of Texas.

Dec. 19, 1973.

----◆----

Glen Aaron, Jr., San Angelo, for appellant.

Frank C. Dickey, Jr., Dist. Atty., and William J. Stroman, Asst. Dist. Atty., San Angelo, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for possession of marihuana. Punishment was assessed by the jury at five years, probated.

Appellant's sole contention is that the evidence is insufficient to support the conviction.

San Angelo police officers, armed with a search warrant, entered a two bedroom dwelling at 314 Preusser Street, San Angelo, during the early morning hours of April 18, 1972. Appellant was found in bed in the north bedroom. Within a foot of appellant was a dresser. On top of the dresser. A search of the premises revealed huana residue. In addition, a bottle containing a weed substance later determined to be a "trace of marihuana" was on the dresser. A search of the premis esrevealed several marihuana plants under an overturned bathtub in the back yard, nine marihuana plants in a container on the back porch, and a cigar box containing five baggies of marihuana in the utility room.

Shortly after the arrival of the officers, a chart reflecting penalties for possession of marihuana in the various states was found between the kitchen and the dining room. The record reflects that about the time the chart was discovered two officers entered the dining room with potted marihuana plants found in the rear of the residence, and the appellant made the following spontaneous exclamation: "I'm your friend. I'm not your enemy. This is the people's revolution, and what are you guys going to do for a job when they legalize the stuff."

Appellant urges there is no evidence connecting him with the marihuana found in the back yard, on the back porch and in the utility room. In support of this argument, appellant points to evidence that the place searched was not leased by him, appellant was not in the room where the marihuana was found, no incriminating evidence was found on his person, no showing that appellant had been on the premises before and an absence of furtive gestures on appellant's part.

Unlike Williams v. State, Tex.Cr.App., 498 S.W.2d 340 and Carr v. State, Tex.Cr.App., 480 S.W.2d 678, cited by appellant, appellant was in close proximity to a pipe and a bottle which contained residue and traces of marihuana. Culmore v. State, Tex.Cr.App., 447 S.W.2d 915, relied on by appellant, is likewise distinguishable in that the defendant and four other persons, in Culmore, were found in the den of the house and the marihuana and a pipe were found in the bedroom. While the evidence reflects that one Jan Bollerud was the lessee of the premises in the instant case, a bail bond made by appellant was introduced into evidence which listed appellant's address opposite his signature as "314 Preusser, San Angelo, Texas."

In Collini v. State, 487 S.W.2d 132, this court said, "Where an accused is not in exclusive possession of the premises, it cannot be concluded that he had knowledge of the narcotic and had control of it unless there are additional independent facts and

circumstances which affirmatively link the accused to the narcotic."

In the instant case, appellant's close proximity to the pipe and bottle which contained residue and traces of marihuana and appellant being the only person on the premises when the search began (the evidence reflects that Jan Bollerud entered the residence after the search started) were facts and circumstances which affirmatively linked appellant to the contraband.

Considering the evidence produced at the guilt stage of the trial in the light most favorable to the jury's verdict, we find the evidence sufficient to support the conviction.

The judgment is affirmed.

Opinion approved by the Court.