Manuel Gomez HERNANDEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 49285.

Court of Criminal Appeals of Texas.

Jan. 22, 1975.

Charles Winston, Odessa, for appellant.

John Green, Dist. Atty., Dennis Cadra, Asst. Dist. Atty., Odessa, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for possession of narcotic paraphernalia. The punishment was assessed by a jury at imprisonment for twenty-five years.

In ground of error number one the sufficiency of the evidence is challenged. Wayne Hatcher, a former narcotics agent for the Department of Public Safety, testified that on June 29, 1971, two other agents and he executed a search warrant at Apartment No. 1, 207 Schell St., Odessa. This apartment had been under surveillance intermittently for two weeks prior to this day, and known heroin pushers and users had been seen there. Within the preceding twenty-four hours a reliable informant had told Agent Hatcher that there was heroin in Apartment No. 1. A search warrant was obtained, and surveillance of

the apartment was begun that day at 5:30 a. m.; no one was observed entering or leaving. At approximately 9:00 a. m., the agents knocked on the apartment door, heard no answer, and forced the door open. Inside they found the appellant, apparently asleep, on a mattress on the floor. The appellant's cousin, Maria Hernandez, was in bedclothes, apparently asleep, on a nearby bed. The agents searched the apartment and found five needles and three syringes in a purse on a dresser, four needles and one syringe under the mattress on which the appellant was lying, a Miracle Whip bottlecap in the bathroom cabinet, and a small black bottlecap with a piece of cotton in it in the kitchen cabinet. Immediately outside the front door of the apartment they discovered one syringe, one needle, a small bottlecap, and an eyedropper all wrapped in a handkerchief. A chemist testified that the cotton, bottlecaps, and four of the syringes had traces of heroin but that nothing could be found on the other items. The evidence was undisputed that Maria Hernandez and one Gloria Rogers paid the rent and lived in the apartment. Maria Hernandez testified that it was the first night the appellant had ever spent in her apartment, that all the paraphernalia belonged to her and one Jose Garza, and that she had already pleaded guilty to a possession of narcotic paraphernalia charge arising from the same incident.

■■ To sustain a conviction the State must be able to demonstrate that the defendant exercised the actual care, control, and management necessary to "possess" the items in question. Higgins v. State, 515 S.W.2d 268 (Tex.Cr.App.1974); Ramos v. State, 478 S.W.2d 102 (Tex.Cr.App.1972). Here the appellant did not own or have exclusive control of the premises, and he was not alone in the apartment. The mere presence of the defendant near where the prohibited items are found is not sufficient to show possession. Higgins v. State, supra; Williams v. State, 498 S.W.2d 340 (Tex.Cr.App.1973); Collini v. State, 487

S.W.2d 132 (Tex.Cr.App.1972); Kinkle v. State, 474 S.W.2d 704 (Tex.Cr.App.1972). There must be direct or circumstantial evidence that connects the defendant to the prohibited items. See Alba v. State, 492 S.W.2d 555 (Tex.Cr.App.1973); Simpson v. State, 486 S.W.2d 807 (Tex.Cr.App. 1972); Valdez v. State, 481 S.W.2d 904 (Tex.Cr.App.1972); Haynes v. State, 475 S.W.2d 739 (Tex.Cr.App.1971). In this case there was no evidence to directly link the appellant with the paraphernalia. The appellant made no attempt to escape, no incriminating statements to the agents at the time of the arrest, and no gestures in the direction of any paraphernalia. In the following quoted material, we cite the evidence which the State contends shows possession by the appellant and supports the conviction:

(1) "Surveillance of the apartment where the appellant was sleeping revealed constant traffic of known narcotics violators." There is no connection shown between this traffic and the appellant nor any evidence that he knew of it. This evidence actually is damaging to the State's case since it shows the appellant did not have exclusive access to the premises and that there must have been numerous opportunities for other persons to secrete narcotic paraphernalia about the apartment.

(2) "Some of the needles found under the appellant's mattress had blood on them." Although there was testimony that "some" needles had blood on them there was no specific showing that they were the ones found under the mattress. Further, there was no evidence that the blood matched the type of the appellant or Maria Hernandez, or whether the blood had been recently drawn.

(3) "Needlemarks were found . . . on appellant . . ." That evidence was elicited as follows:

"Q [DISTRICT ATTORNEY]: Pass the witness. Do you know, did you check for needle marks?

"A [HATCHER]: Yes, sir.

"Q Did you find them?

"A Yes, sir, I did.

"Q Pass the witness."

As the appellant's brief points out, it cannot be determined from the context of the questioning whether Hatcher was speaking of needle marks on the appellant or on Maria Hernandez. Although the State's brief asserts that Hatcher was referring to the appellant it is not clear from the statement of facts. However, there is also no showing whether the needle marks were recent or old scars.

(4) "The needles under the appellant's mattress had heroin residue on them." While it is clear from the statement of facts that some *syringes* had heroin residue on them and, even if we assume that all the paraphernalia was for the preparation and injection of heroin, there is still the problem of proving the appellant's possession of it.

(5) The State also claims that since the appellant's cousin in her testimony contradicted the agents as to the location of some of the paraphernalia, the jury, if they believed the agents, must convict the appellant because he could not be ignorant of its presence under the mattress. This argument begs the question, and we do not agree. See Number 7 below.

■ (6) "Other paraphernalia was found in the bathroom and kitchen cabinet." The appellant's mere presence in the apartment where the prohibited items were found, without other evidence of his possession of them, is not sufficient to support a conviction. Higgins v. State, supra; Williams v. State, supra; Culmore v. State, 447 S.W.2d 915 (Tex.Cr.App.1969). The same is true concerning the items found outside the apartment door. Collini v. State, supra; see also, Ramos v. State, supra.

(7) Finally, "four needles and a syringe were found under the mattress on which the appellant was sleeping." Is the mere fact of his proximity to the paraphernalia in the purse and under the mattress sufficient to support the conviction? In other cases where the item in question was not in plain view more than its proximity to the defendant was required to sustain the conviction. In Payne v. State, 480 S.W.2d 732 (Tex.Cr.App.1972), the drugs were in a matchbox on the driver's side of the dashboard while the defendant was a passenger on the right side of the front seat. Without more evidence of possession the conviction could not stand. In Harvey v. State, 487 S.W.2d 75 (Tex.Cr.App.1972), the marihuana was on the dashboard, and the defendant was a passenger in the right side of the rear seat. The defendant's conviction for possession of marihuana was not supported by sufficient evidence. See also Shortnacy v. State, 474 S.W.2d 713 (Tex.Cr.App.1972).

In a case in which the facts seem even more incriminating than here, Hausman v. State, 480 S.W.2d 721 (Tex.Cr.App.1972), the officers watched a group of people sitting around a campfire pass what appeared to be a marihuana cigarette amongst them. When they approached the camp the defendant was found sleeping, and a brown paper bag with marihuana in it was one foot from his head. This Court held that the mere presence of the defendant at the campsite and the mere proximity of the contraband to the defendant, without more, could not support a conviction for the possession of marihuana. The defendant there did not control the premises, the officers could not specifically identify him as one of those seen smoking marihuana, and no one had seen him in possession of marihuana.

However, circumstantial evidence may also support a conviction in similar cases. In Schultz v. State, 502 S.W.2d 817 (Tex.Cr.App.1973), the defendant was found sleeping alone in a house with marihuana

in plain view on a dresser ten feet away. Although there was no direct evidence of the defendant's possession the inference to be drawn from the circumstances was such that the evidence was sufficient to support the conviction. In Haynes v. State, supra, the marihuana along with a letter addressed to the defendant was found in a box four feet from the defendant who was playing cards. This Court affirmed the conviction on the basis that the letter was sufficient evidence of the defendant's possession of the contents of the box.

 Here none of the circumstances which in other cases have supported a conviction are present. The paraphernalia was not in plain sight. The appellant was not the only person in the apartment, nor did he have exclusive control of it. There was no evidence that he was under the influence of injectable drugs. As mentioned before there was no furtive gesture, incriminating statement, or attempt to escape made by the appellant. There were no fingerprints or personal belongings of the appellant on or with the paraphernalia. Under these circumstances we must hold that the proximity alone of the appellant to the hidden narcotic paraphernalia is insufficient to support a conviction for possession of it.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.

DOUGLAS, J., dissents.

MORRISON, Judge (concurring).

I concur in the reversal of this conviction because of the failure of the State to prove that the needle marks, if found on appellant, were recent. Had this missing fact been proven, the presence of the paraphernalia under the mattress would in my opinion have been sufficiently probative to have supported the jury's finding.