**Michael Wayne RHYNE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 61049.**

Court of Criminal Appeals of Texas, Panel No. 2.

June 17, 1981.

Rehearing Denied Sept. 23, 1981.

---

W. John Allison, Jr., Dallas, on appeal only, for appellant.

Henry Wade, Dist. Atty., Karen Chilton Beverly, Kevin Byrne and Jerry Banks, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and TOM G. DAVIS and CLINTON, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for possession of a controlled substance, namely, heroin. Appellant was convicted in a trial before the court and punishment was assessed at seven years.

In his sole ground of error, appellant challenges the sufficiency of the evidence to support his conviction. The indictment alleges in pertinent part that on October 28, 1977, appellant did:

"knowingly and intentionally possess a controlled substance namely: Heroin."

Officer J. D. James, of the Dallas Police Department, testified that on October 28, 1977, he and fellow officers executed a search warrant at a residence on Chattanooga Place in Dallas. James testified that when the officers arrived at the house, Donald Wesson was seen running into a bedroom. Wesson was pursued and found to have a pistol. Appellant was seated in the living room when officers arrived. Wesson, appellant and two other individuals were arrested at the time of the search. Appellant was not named in the warrant and no drugs were found on or about his person following the arrest.

Officer R. J. Mack, of the Dallas Police Department, assisted in the execution of the warrant. Mack related that he found six packages of heroin behind a shingle on the exterior of the house. He retrieved the heroin while standing outside the house. Mack testified that while working in an undercover capacity he had purchased drugs at the home on twelve different occasions. On "two or three" of those occasions, appellant had been present at the house when Mack announced that he was there to "score." Mack testified that when he purchased narcotics, the contraband would be retrieved from inside or outside the house. On those occasions when appellant was present, Mack stated that he had nothing to do with the sale or delivery of the narcotics.

Appellant testified that he had rented the house in July of 1977 and that the utilities

were billed to him. Shortly thereafter, Jimmy Hodge and Wesson moved into the house with appellant. In September of 1977, appellant moved in with his girlfriend, Ethyl Tasbit, and spent approximately five nights a week at her residence. Even after moving, appellant left some of his clothes in the house on Chattanooga and continued to share the expenses of maintaining the house with Hodge and Wesson. Appellant denied any knowledge of drugs being kept in or sold from the house.

Wesson testified that he was incarcerated in the Texas Department of Corrections for five convictions resulting from the delivery of heroin. He admitted that he had delivered heroin to Mack in the house on Chattanooga on occasions while appellant was present.

In order to establish the unlawful possession of a controlled substance, the State must prove two elements: (1) that the accused exercised care, control, and management over the contraband, and (2) that the accused knew the matter possessed was contraband. *Dubry v. State*, Tex.Cr. App., 582 S.W.2d 841. It is not necessary to prove that the accused had exclusive possession of the narcotics in question. *Damron v. State*, Tex.Cr.App., 570 S.W.2d 933. When the accused is not in exclusive possession of the place where the substance is found, it cannot be concluded that the accused had knowledge of and control over the contraband unless there are additional independent facts and circumstances which affirmatively link the accused to the contraband. *Wiersing v. State*, Tex.Cr.App., 571 S.W.2d 188.

The issue in this appeal is whether the State established such independent facts and circumstances to affirmatively link appellant to the heroin. Viewed in the light most favorable to the court's finding of guilt, the evidence shows: (1) appellant was in the house at the time of the search but was not found to be in personal possession of narcotics; (2) appellant was not in exclusive possession of the premises because two other persons lived there; (3) appellant, as seated in the living room, was not in close proximity to the heroin found concealed under a shingle on the exterior of the house; (4) appellant, prior to the search, had been a passive observer to another occupant's actions in selling narcotics at the house; (5) appellant had leased the house and stayed there two nights a week.

The mere presence of a defendant at the scene of an offense or even knowledge of an offense does not make one a party to joint possession. *Wilkes v. State*, Tex.Cr.App., 572 S.W.2d 538; *Shortnacy v. State*, Tex.Cr.App., 474 S.W.2d 713. Further, the fact that a defendant has rented the premises upon which narcotics are found, if also occupied by others, is not usually sufficient in and of itself to justify a finding of joint possession. See *Higgins v. State*, Tex.Cr.App., 515 S.W.2d 268; *Wright v. State*, Tex.Cr.App., 500 S.W.2d 170.

A conviction based on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of the defendant's guilt. *Bryant v. State*, Tex.Cr.App., 574 S.W.2d 109. Thus, proof which amounts only to a strong suspicion or mere probability is insufficient. *Ford v. State*, Tex.Cr.App., 571 S.W.2d 924.

In the instant case, there was no showing that appellant encouraged Wesson to sell narcotics. Appellant was not shown to have exercised any control over the heroin which was recovered outside the house. There were no furtive gestures by appellant and he was not shown to have been under the influence of narcotics. Appellant did not attempt to escape at the time the warrant was executed. Finally, the heroin was not in plain view, but rather hidden under a shingle on the exterior of the home.

While there is a suspicion or probability of appellant's guilt, we conclude that the circumstances proven do not exclude the reasonable hypothesis that appellant was merely present where the action was taking place. We find the evidence insufficient to support appellant's conviction. The evidence being insufficient, the State is pre-

cluded from further prosecution of this case. See *Morr v. State*, Tex.Cr.App., 587 S.W.2d 711; *Heltcel v. State*, Tex.Cr.App., 583 S.W.2d 791.

The judgment is reversed and reformed to show an acquittal.