**Gerald Keith PAYNE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–81–369CR.**

Court of Appeals of Texas, Houston (14th Dist.).

July 21, 1983.

Rehearing Denied Aug. 25, 1983.

J. Philip Scardino, Houston, for appellant.

Patricia Saum, Lawrence Schreve, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and MURPHY, JJ.

JUNELL, Justice.

This is an appeal from a conviction for possession of a controlled substance. After appellant waived trial by a jury and entered a plea of not guilty, the court found him guilty and assessed punishment at five years imprisonment.

In two grounds of error appellant questions the sufficiency of the evidence, contending that the state failed to show that he had care, custody or control of the contraband. We affirm.

Officer Robert Holmes of the Houston Police Department obtained a search warrant for a white, single story duplex apartment located at 2017½ Eastex Freeway in Houston. The warrant commanded the arrest of "one black male known as Gerald Payne, approximately 21 years old, 5' 8", 145 pounds, one black female known as Sheila Polk, approx[imately] 19 years old, 5' 9", 115 pounds, light complexion, tinted hair." Payne and Polk were alleged in the warrant as those in control of the named premises.

To prove unlawful possession of a controlled substance, the state must show the accused (1) exercised care, control and management over the contraband; and (2) knew the substance was a controlled substance. *Naquin v. State,* 607 S.W.2d 583 (Tex.Cr.App.1980).

In ground of error two, appellant contends that since he was not within the named premises when the officers executed the warrant and was not in possession of hydromorphone at the time of his arrest, there was insufficient proof that he exercised care, control or management over the drugs.

It is not necessary to prove that the accused had exclusive possession of the narcotics in question; but when the accused is not in exclusive possession of the place where the substance is found, it cannot be concluded that the accused had knowledge of and control over the contraband unless there are *additional* independent facts and circumstances which affirmatively link the accused to the contraband. *Deshong v. State,* 625 S.W.2d 327 (Tex.Cr.App.1981).

The officers found substances which were later identified as hydromorphone in a plastic bag located in the kitchen, and in a tin foil package atop a trophy case in the living room. Additionally, they found a men's waist-length black leather jacket in the bedroom. In the pocket was a partially dissolved hydromorphone tablet and about $400.00 in cash. The officers recovered several pieces of mail, including an arrest warrant and an insurance premium notice, addressed to Gerald K. Payne at the address in question. Officer Holmes testified that appellant had been under surveillance for approximately six months prior to his ar-

rest. During that time Holmes had observed appellant frequently entering and exiting the premises at 2017½ Eastex Freeway; he stated that appellant did not knock on the door before entering. Appellant would sometimes remain inside for long periods of time. Appellant would leave the premises and walk approximately two blocks to the corner of Jensen and Sumpter, where he would stand and talk to people who were walking or driving by the street corner. Holmes testified that on many occasions he had observed appellant wearing a black leather waist-length jacket identical to the one found in the bedroom. Officer Barajas observed appellant leave the premises on the night in question at approximately 8:40 p.m., only twenty to thirty minutes before service of the search warrant at the 2017½ Eastex Freeway address. There is no evidence that the officers observed anyone else enter or leave the premises between that time and the time of appellant's arrest. The bedroom closet contained both men's and women's clothing. Appellant was arrested two blocks away from the premises with approximately $695.00 in cash in his pants pocket. The state need not prove that the accused had exclusive possession of the controlled substance. Various facts and circumstances may prove that the accused and another person or persons acted together in jointly possessing a controlled substance. *Abercrombie v. State,* 528 S.W.2d 578 (Tex.Cr.App.1974).

We hold that this evidence constituted additional independent facts and circumstances which affirmatively link appellant to the contraband and authorizes the conclusion that appellant had knowledge of and control over the contraband. The evidence is sufficient to support the conviction. *Compare Rhyne v. State,* 620 S.W.2d 599 (Tex.Cr.App.1981); *Abercrombie,* 528 S.W.2d at 586. Ground of error two is overruled.

In his first ground of error appellant contends that the evidence is insufficient to support a conviction for possession of a controlled substance with intent to deliver. This contention is without merit because the appellant was found guilty only of the offense of possession of a controlled substance. Ground of error one is overruled.

The conviction is affirmed.

MURPHY, Justice, dissenting.

I respectfully dissent. At the time of the search in question, it is undisputed that Sheila Polk and Sharon Denise King were the only persons present at the place where contraband was found. Appellant was two blocks away. Assuming the State proved Appellant lived at the place where the substance was found, it is clear he was not in exclusive possession 'of the premises. Therefore, in order to convict Appellant of the offense of possession of hydromorphone, it had to prove that Appellant had knowledge and control of the substance by establishing such independent facts and circumstances as to affirmatively link him to it. *Wiersing v. State,* 571 S.W.2d 188 (Tex.Cr. App.1978). Where there is an absence of direct evidence that an accused was in exclusive possession of contraband, then possession, if any, must be proved by circumstantial evidence. *Collini v. State,* 487 S.W.2d 132 (Tex.Cr.App.1972).

Any independent facts and circumstances to affirmatively link Appellant to the contraband necessarily had to be proven by the State in the form of circumstantial evidence. A conviction based on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of the defendant's guilt. *Bryant v. State,* 574 S.W.2d 109 (Tex.Cr.App.1978). Thus, proof which amounts only to a strong suspicion or mere probability is insufficient. *Ford v. State,* 571 S.W.2d 924 (Tex.Cr.App.1978). Viewed in the light most favorable to the court's finding of guilt, the evidence shows: (1) Appellant was at least in joint possession of the premises; (2) a partially dissolved yellow tablet and about $400.00 were found in the pockets of a black leather jacket hanging in a closet where both male and female clothes were kept; (3) Appellant had previously been seen wearing a

similar black jacket; (4) Appellant was arrested with $695.00 in his pocket.

I think it material where other tablets were found. Officer Holmes testified he found a plastic jewelry container under a couple of bedspreads in the kitchen and that in the jewelry box were ten yellow tablets. Officer Calloway found four other yellow tablets on top of a trophy case wrapped in tin foil. As previously stated, the partially dissolved tablet was found in a pocket of the black leather jacket. All of the tablets seized were placed in an envelope by Officer Holmes and thus co-mingled. There was no showing that any of the tablets seized were open to plain view.

The chemist who testified for the State stated that of the fifteen yellow tablets provided to him for analysis, he analyzed only a representative sample. This was no proof that the partially dissolved tablet found in the black leather jacket was one of the tablets analyzed.

Even if it could be concluded that Appellant was affirmatively linked by circumstantial evidence to the tablet found in the black leather jacket, there was no showing that the tablet was a controlled substance. Certainly, in the absence of a showing that the other tablets seized were in plain view, Appellant cannot be affirmatively linked to them. *Hernandez v. State,* 517 S.W.2d 782 (Tex.Cr.App.1975).

While there is a suspicion or probability of Appellant's guilt, I would conclude that the circumstances proven do not exclude the reasonable hypothesis that Appellant was merely in joint possession of a residence where contraband, not open to plain view, was found.

I would hold the evidence insufficient to support Appellant's conviction.