Floyd Miller MEYERS, Appellant,

v.

STATE of Texas, Appellee.

No. 13–83–292–CR.

Court of Appeals of Texas,
Corpus Christi.

Jan. 31, 1984.

J. Randall Keltner, San Antonio, for appellant.

James Burner, Asst. Criminal Dist. Atty., San Antonio, for appellee.

Before GONZALEZ, BISSETT and UTTER, JJ.

## OPINION

GONZALEZ, Justice.

This is an appeal from a conviction for possession of a controlled substance, methamphetamine. The jury found appellant guilty but found the enhancement paragraphs not true. Punishment was assessed at fifteen years confinement. We

1. This case was transferred to us by the Supreme Court in an equalization of the docket

reverse on the basis that the evidence is insufficient to support the conviction.[1]

## FACTS

On June 24, 1980, two narcotics detectives and a uniformed officer obtained a search warrant for the apartment where appellant was residing. The warrant was executed sometime between 8:00 and 9:00 o'clock in the morning. Appellant and a woman, Tammy Napolean, were ordered out of bed and escorted to the living room where the search warrant and their rights were read to them. A detective found a hypodermic syringe filled with a liquid, a bag containing two small packets of powdery substance, several empty syringes, and, on top of the refrigerator, a bottle containing a liquid substance. All of these substances were positively identified as methamphetamine.

At the trial on the merits, Tammy Napoleon testified that the methaphetamine was hers, that she pled guilty to the offense, and that she was assessed five years.

## APPELLANT'S PRO–SE BRIEF

After his conviction, appellant's attorney filed a brief and appellant also filed a pro-se brief and an amended pro-se brief. None of the errors raised by appellant's attorney and appellant's amended pro-se brief present reversible errors. In his second and third grounds of error in his pro-se brief, appellant attacks the sufficiency of the evidence to show that he possessed the controlled substance. Although appellant has no right to hybrid representation, we have considered his pro-se brief.

█ Appellant was indicted for possession of methamphetamine. The court's charge included an instruction on the law of parties. This charge may be given when supported by the evidence even though that manner of criminal responsibility is not pled in the indictment. *Galvan v. State*, 598 S.W.2d 624, 628 n. 9 (Tex.Cr.

order.

App.1979). Thus, if the evidence is sufficient to show that appellant either possessed the methamphetamine or was a party to Tammy Napolean's possession of methamphetamine, the conviction of appellant is valid.

■ For one to be criminally responsible as a party, the State must prove that the defendant acted with the intent to promote or assist in the commission of the offense by soliciting, encouraging, directing, aiding, or attempting to aid the other person in its commission. TEX.PENAL CODE ANN. § 7.02(a)(2) (Vernon 1974). Although all traditional distinctions between accomplices and principals have been abolished, TEX.PENAL CODE ANN. § 7.01(c) (Vernon 1974), the statement of the Court of Criminal Appeals in *Forbes v. State*, 513 S.W.2d 72, (Tex.Cr.App.1974), *cert. denied*, 420 U.S. 910, 95 S.Ct. 830, 42 L.Ed.2d 840 (1975), remains sound as a fundamental principle of the State's burden of proof when it seeks to rely on the law of parties to support a conviction. "To warrant a conviction of an accomplice, the State must prove the commission of the offense by the principal 'to the same certainty as if the principal were on trial, and therefore beyond a reasonable doubt.'" *Id.* at 79.

The State urges that, because appellant provided Tammy Napolean with food, lodging, and a "base of operation," he directly aided and encouraged Ms. Napolean in her possession of methamphetamine.

■ We reject the State's argument. "The mere presence of a defendant at the scene of an offense or even knowledge of an offense does not make one a party to joint possession." *Rhyne v. State*, 620 S.W.2d 599, 601 (Tex.Cr.App.1981); *Wilkes v. State*, 572 S.W.2d 538, 540 (Tex.Cr.App. 1978). "It has consistently been held in this state that possession means more than just being where the action is...." 572 S.W.2d at 540. We refuse to hold that providing another person with food or lodging is sufficient to make one a party to possession.

■ There was also testimony from Ms. Napolean that, at about 2:00 a.m. on the morning of their arrest, appellant had driven her to her friend's house. She stated he left and that shortly before she returned to their apartment, she acquired the methamphetamine from the same person who gave her a ride back. Even if the jury disbelieved the story of how the witness claimed to have come into possession of the methamphetamine, there is no evidence in the record of appellant aiding or encouraging Ms. Napolean in possessing methamphetamine. We refuse to hold that the party statute extends criminal liability to the extent urged by the State. Absent other facts and circumstances besides providing Ms. Napolean a place to stay, we hold the evidence to be insufficient to show that appellant encouraged or aided the criminal conduct.

■ Having held the evidence insufficient to convict appellant as a party, we turn to the question of appellant's own criminal liability. In order to establish the unlawful possession of a controlled substance, the State must prove: (1) that the accused exercised care, control, and management over the contraband and (2) that the accused knew that the matter was contraband. *Rhyne v. State*, 620 S.W.2d 599 (Tex.Cr.App.1981); *Dubry v. State*, 582 S.W.2d 841 (Tex.Cr.App.1979). However, "It is not necessary to prove that the accused had exclusive possession of the narcotics in question." *Rhyne*, 620 S.W.2d at 601; *Sewell v. State*, 578 S.W.2d 131, 135 (Tex.Cr.App.1979). It is as equally well established that mere presence at a place where contraband is found, even in close proximity if not in plain view, does not, in itself, justify a finding of joint possession, for "[w]here an accused is not in exclusive possession of the premises, it cannot be concluded that he had knowledge of the contraband and control over it unless there are additional independent facts and circumstances which affirmatively link the accused to the contraband." *Woods v. State*, 533 S.W.2d 16, 18 (Tex.Cr.App.1976).

We examine the evidence then for an affirmative link between appellant and the contraband. Officer Jack Wright testified:

Q During the course of your search did you find any evidence that tended to link Floyd Miller Meyers with this apartment?

A Yes. We found his clothes were there. There was pictures there. There was envelopes and different things with his name and that address on them that were there. I even found a couple of phone bills hwere (sic) he had paid his phone bill at that address in that apartment.

Officer Maurice Rose testified:

Q During the course of this search did you find any other items or documents that may link Floyd Meyers as living at this particular location?

A Yes, sir. We found—

MR. CAMARA: Objection, Your Honor. I object to this as being hearsay.

THE COURT: Overruled.

A Found some phone bills and a receipt from Victoria, Texas.

Q Did you find any items of personal clothing?

A Yes, sir. There was male clothing and female clothing in the apartment.

In questioning each officer, the prosecutor inquired of a link between appellant and the apartment. This was the only question asked to help show a link between appellant and the contraband. The inquiry then is whether the above testimony, when coupled with the officer's testimony that methamphetamine was discovered on the air conditioner, a table by the air conditioner, and in a bottle on top of the refrigerator, is sufficient to show that appellant exercised actual care, custody, control, and management over the contraband and that he had knowledge that the same was contraband.

We begin with the evidence linking appellant to the motel apartment. In *Rhyne v. State*, 620 S.W.2d 599 (Tex.Cr.App.1981), the defendant testified that he rented the apartment and the utilities were billed to him. There, the Court of Criminal Appeals wrote: "Further, the fact that a defendant has rented the premises upon which narcotics are found, if also occupied by others, is not usually sufficient in and of itself to justify a finding of joint possession." *Rhyne*, 620 S.W.2d at 601. It is undisputed that Ms. Napolean occupied the premises with appellant. Since appellant did not have sole access to the premises, we must look for other affirmative links *to the contraband*.

In *Guitierrez v. State*, 533 S.W.2d 14 (Tex.Cr.App.1976), wherein a conviction for possession of heroin where the sufficiency of the evidence to show possession was successfully challenged, the dissent pointed out that needle marks were on both of the arms of defendant. However, the majority noted the needle marks were not shown to be recent. 533 S.W.2d at 15. In the instant case, numerous syringes were found, one was even full of methamphetamine, but there was no evidence of any needle marks on appellant's body. In *Hernandez v. State*, 517 S.W.2d 782 (Tex.Cr.App.1975), the court again pointed out that even if the testimony concerning needle marks was about the defendant, there was no showing whether the needle marks were recent or old scars. *Id.* at 784.

Another affirmative link appearing in the cases is whether the defendant was under the influence of the controlled substance. *See Rhyne v. State*, 620 S.W.2d 599, 601 (Tex.Cr.App.1981); *Woods v. State*, 533 S.W.2d 16, 18 (Tex.Cr.App.1976). *Guitierrez v. State*, 533 S.W.2d 14, 15 (Tex.Cr.App. 1976). Here, there was no evidence suggesting that appellant was under the influence of methamphetamine. In *Woods*, 533 S.W.2d at 18, it was noted that no contraband was discovered on the defendant. That was also true of appellant.

Often, the "close proximity" of the defendant to the contraband is listed as a factor to be considered in determining whether the defendant possessed the contraband. *See Hernandez v. State*, 517 S.W.2d 782 (Tex.Cr.App.1975). In *Hernandez*, evidence showing that defendant had been sleeping on a mattress under which

officers discovered four needles and a syringe was not sufficient in and of itself to support the conviction. *Hernandez,* 517 S.W.2d at 784. The Court in *Hernandez* observed that the circumstances in *Hausman v. State,* 480 S.W.2d 721 (Tex.Cr.App. 1972), were even "more incriminating." But in *Hausman,* where the defendant was discovered apparently asleep or at least in a "tranquil" state, the question was asked (and answered in defendant's favor) whether the close proximity of defendant to a bag of marijuana (one foot from his head) was sufficient to bring the case within an exception to the rule that mere presence at the scene of the crime does not of itself justify drawing an inference that the defendant was a participant therein. *Hausman,* 480 S.W.2d at 723–24. *Hausman* is distinguishable in that "Unlike the cases where the accused is the owner of the car or dwelling where the narcotic is discovered, appellant did not have dominion and control of the place where the marijuana was found." *Id.* at 724.

In *Oaks v. State,* 642 S.W.2d 174 (Tex.Cr. App.1982) *(en banc),* an acquittal for possession of heroin was ordered where the question was: how close is close? Writing that the issue presented was a "close question," the Court, in reversing the Court of Appeals, held: " 'Close' is a matter of degree and close proximity alone would, under the circumstances, hardly be an affirmative link to the heroin but only a factor to be considered in the totality of the circumstances." *Id.* at 178.

■ In the instant case, appellant was discovered in the bedroom. All the contraband was discovered in either the living area or kitchen. The evidence is therefore insufficient to support a finding of close proximity.

■ Closely related to the question of close proximity is whether the contraband is in plain view. It would appear the two are inversely proportional; the farther away the contraband is, the more open and obvious it must be before the affirmative link is established. *See Oaks,* 642 S.W.2d at 177–79. *See also Rhyne v. State,* 620

S.W.2d 599 (Tex.Cr.App.1981). In our case, the evidence is unclear whether the contraband was in plain view. The packets on the table were in a "little plastic bag or pouch." Officer Rose testified he discovered the bottle of methamphetamine in the kitchen on the refrigerator but offered no further information. Ms. Napolean testified the small bottle was behind a cannister. Concerning the syringe, Officer Rose discovered it on the air conditioner; he pointed out that he saw it because he was tall or eye level with it. Officer Wright saw the syringe when his attention was directed to it. On this testimony, we find that the evidence is insufficient to hold the contraband was in such plain view as to characterize it as in close proximity to appellant.

Another factor considered as in *Oaks* is whether fingerprint evidence was offered. See *Oaks,* 642 S.W.2d at 178. In the instant case, the officers picked up the contraband and sealed it in bags. They were subsequently unable to lift any identifiable prints.

Other factors to be considered are incriminating statements, furtive gestures, or attempts to escape. *Rhyne v. State,* 620 S.W.2d 599, 601 (Tex.Cr.App.1981); *Wilkes v. State,* 572 S.W.2d 538, 540 (Tex.Cr.App. 1978); *Higgins v. State,* 515 S.W.2d 268, 271 (Tex.Cr.App.1974); *Hernandez v. State,* 517 S.W.2d 782, 785 (Tex.Cr.App. 1975).

The term "possession" is statutorily defined as actual care, custody, control or management. TEX.REV.CIV.STAT.ANN. art. 4476–15 § 1.02(23) (Vernon 1976); *see also* TEX.PENAL CODE ANN. § 1.07(a)(28) (Vernon 1974). This term describes a relationship to property. *Phelps v. State,* 623 S.W.2d 936 (Tex.Cr.App.1981). Possession is not an act nor is it an omission, but it is defined as something distinct from both act and omission. *Id.* at 937.

■ As previously noted, the prosecution sought only to establish a relationship between appellant and the apartment. No further attempt was made to link appel-

lant to the contraband. On the facts and circumstances of this case, we cannot say the evidence is sufficient to affirmatively link appellant to the contraband. Control of the apartment is not synonymous with control of the contraband when the appellant does not have sole access. No other link was shown. Appellant's attack on the sufficiency of the evidence, grounds of error numbers two and three are sustained. The first ground of error is without merit and is overruled.

The judgment of the trial court is REVERSED, and appellant is ordered acquitted.

BISSETT, J., not participating.