Affirmed and Memorandum Opinion filed July 27, 2006









Affirmed and Memorandum Opinion filed July 27, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00568-CR

____________

 

SERGIO MORALES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

 

On Appeal from the 338th District Court

Harris County, Texas

Trial Court Cause No. 1013126

 

 

 

M E M O R
A N D U M   O P I N I O N

            After a bench
trial, appellant Sergio Morales was found guilty of possession of cocaine
weighing less than one gram.  See Tex.
Health & Safety Code Ann. § 481.112 (Vernon 2003).  The trial court
sentenced appellant to nine months confinement in the Texas Department of
Criminal Justice, State Jail Division.  In one issue, appellant argues the
evidence is legally and factually insufficient to prove he knowingly exercised
care, custody, control or management of the cocaine.  We affirm.




 








I.  Factual and Procedural History

            Harris County
Sheriff’s Officer Armando Tamez was dispatched to an apartment complex to
investigate narcotic activity.  As part of his investigation, he went to an
apartment leased by Oscar Arroyo.  Arroyo consented to a search of the
apartment.  Upon entering, Tamez observed appellant and three other individuals
inside.  Appellant resided at the apartment.   Tamez entered appellant’s bedroom
and discovered a plastic bag containing ten white pills he believed to be
Xanax. Tamez asked about the pills, and appellant responded the pills were his
and he purchased them from an unknown black male at a gasoline station.  He
also told Tamez that he previously purchased cocaine from this same male, and
that he “snorts” cocaine when drinking alcohol.  When Tamez searched the
apartment’s  kitchen, he found several plastic bags in a kitchen drawer. Two of
the bags contained cocaine residue, and the other bag contained cocaine.  Two
scales were also found in the kitchen.  When Officer Tamez asked the occupants
to whom the cocaine belonged, none of those present responded.  Appellant was
arrested and charged with possession of the cocaine.

II.  Analysis

A.        Applicable Law

            In his sole
issue, appellant argues the evidence is legally and factually insufficient to
prove he knowingly exercised care, custody, control, or management of the
cocaine.

            Intentionally
or knowingly possessing a controlled substance is an offense under the Texas
Controlled Substance Act.  See Tex.
Health & Safety Code Ann. § 481.115(a) (Vernon 2003).  To prove the
offense of possession of a controlled substance, the State must show that the
accused (1) exercised actual care, custody, control, or management of the
controlled substance, and (2) was conscious of his connection with the
controlled substance and knew what it was.  See id. §§ 481.002(38),
481.115(a) (Vernon 2003 & Supp. 2005); Brown v. State, 911 S.W.2d
744, 747 (Tex. Crim. App. 1995) (en banc).  These elements may 

 class=Section3>

be established by direct
or circumstantial evidence.  Id.  When the accused is not in exclusive
possession of the place where the contraband is found, the State must establish
an affirmative link between the accused and the contraband—i.e., independent
facts and circumstances affirmatively linking the accused to the contraband so
as to suggest that the accused had knowledge of the contraband and exercised
control over it.  Rhyne v. State, 620 S.W.2d 599, 601 (Tex. Crim. App.
1981); Roberson v. State, 80 S.W.3d 730, 735 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d).  Although the evidence linking an appellant to 
cocaine may be  circumstantial, it is not necessary in circumstantial evidence
cases that every fact and circumstance point directly and independently to the
guilt of the accused.  Russell v. State, 665 S.W.2d 771, 776 (Tex. Crim.
App. 1983) (en banc).  It is enough if the conclusion is warranted by the
combined and cumulative force of all of the incriminating circumstances.  Id.  Every case must be reviewed on its own facts and circumstances to determine the
sufficiency of the evidence.

            Courts
consider the following non-exclusive list of factors in determining whether
there is an affirmative link between the defendant and the contraband: (1) the
defendant’s presence when the search was conducted; (2) whether the contraband
was in plain view; (3) the defendant’s proximity to and the accessibility of
the narcotic; (4) whether the defendant was under the influence of narcotics;
(5) whether the defendant possessed other contraband or narcotics; (6) whether
the defendant made incriminating statements; (7) whether the defendant
attempted to flee; (8) whether the defendant made furtive gestures; (9) whether
there was an odor of contraband; (10) whether other contraband or drug
paraphernalia was present; (11) whether the defendant owned or had the right to
possess the place where the drugs were found; (12) whether the place where the
drugs were found was enclosed; (13) whether the defendant was found with a
large amount of cash; and (14) whether the conduct of the defendant indicated a
consciousness of guilt.  Olivarez v. State, 171 S.W.3d 283, 291 (Tex.
App.—Houston [14th Dist.] 2005, pet. denied).  The number of linking factors
present is not as important as the “logical force” they create to prove the
crime was committed.  Id.

B.        Legal Sufficiency

            In conducting
a legal sufficiency review, we view all of the evidence in the light most
favorable to the verdict and determine whether a rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt.  Escamilla
v. State, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004).  In conducting our
review of the legal sufficiency of the evidence, we do not re-evaluate the
weight and credibility of the evidence, but ensure only that the jury reached a
rational decision.  Muniz v. State, 851 S.W.2d 238, 246 (Tex. Crim. App.
1993) (en banc).  Under a legal or factual sufficiency review, the jury is the
exclusive judge of the facts, the credibility of the witnesses, and the weight
to be given to their testimony.   McKinny v. State, 76 S.W.3d 463,
468–69 (Tex. App.—Houston [1st Dist.] 2002, pet. denied).  The jury may believe
or disbelieve any part of a witness’s testimony.  Id. at 469.

            Viewing the
evidence in the light most favorable to the verdict, the evidence shows that
appellant resided in the apartment where the cocaine was found and was present
during the search of the apartment.  Moreover, when other narcotics were found
in the apartment, appellant admitted to Officer Tamez that the Xanax was his. 
Significantly, the Xanax was found in appellant’s bedroom.  Appellant also
admitted that he had purchased cocaine in the past, and he admitted to using cocaine
when he drank alcohol.  Lastly, the cocaine was found in an area accessible to
appellant as a resident of the apartment. 

            Appellant
first  argues that although he admitted to possessing Xanax, that admission
bears no relationship to the cocaine found in the kitchen.  However, we may
consider appellant’s possession of other contraband when arrested in assessing
the force of the affirmative links.  See Chavez v. State, 769
S.W.2d 284, 288 (Tex. App.—Houston [1st Dist.] 1989, pet. ref’d).  Appellant
also argues the evidence is insufficient because many of the 

 class=Section4>

typical factors showing
affirmative links between an appellant and narcotics are absent.  However, we
consider the factors that are present and do not consider affirmative link
factors that are absent from the evidence.  Hurtado v. State, 881 S.W.2d
738, 745 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d).  We focus on
whether, after viewing all of the evidence in the light most favorable to the
verdict, any rational trier of fact could have found the essential elements of
the crime beyond a reasonable doubt.  See id.  

            The probative
value of the conflicting evidence was weighed by the trial court when it found
appellant guilty.  We cannot re-weigh that evidence.  Hence, we conclude the
trier of fact could have found beyond a reasonable doubt that the evidence
established an affirmative link between appellant and the cocaine. 
Accordingly, we hold the evidence is legally sufficient to show that appellant
exercised actual care, custody, control, or management of the cocaine.

            We overrule
appellant’s first issue.

C.        Factual Sufficiency

            Appellant
next argues the evidence is factually insufficient to prove that he knowingly
exercised care, custody, control, or management of the cocaine.  When
determining the factual sufficiency of the evidence, we view all of the
evidence in a neutral light, and set aside the verdict only if (1) the evidence
supporting the verdict considered by itself, is too weak to support the finding
of guilt beyond a reasonable doubt, or (2) contrary evidence is so strong that
the beyond-a-reasonable-doubt standard could not have been met.  Zuniga  v.
State, 144 S.W.3d 477, 484–85 (Tex. Crim. App. 2004).  In our review, we
must consider the most important evidence that the appellant claims undermines
the verdict.  See Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App.
2003).

            In support of
his factual sufficiency challenge, appellant relies on the same evidence and
arguments that he raised in his legal sufficiency challenge, pointing to evidence
weighing 

 class=Section5>

against the trial court’s
verdict, as well as evidence and reasons he claims make the State’s evidence so
obviously weak as to undermine confidence in the verdict. 

            After viewing
all of the evidence neutrally, we hold the evidence supporting the verdict is
not too weak to support the finding of guilt beyond a reasonable doubt or is
the contrary evidence so strong that the beyond-a-reasonable-doubt standard
could not have been met.  See Escamilla, 143 S.W.3d at 817. 
Accordingly, we hold the evidence is factually sufficient to prove appellant
knowingly exercised care, custody, control, or management of the cocaine.  See
id.

            For the foregoing reasons, we affirm
the judgment of the trial court.

 

 

            

                                                                                    

                                                                        /s/        Eva
M. Guzman

                                                                                    Justice

 

 

Judgment rendered and Memorandum
Opinion filed July 27, 2006.

Panel consists of Chief Justice
Hedges and Justices Yates and Guzman.

Do
Not Publish — Tex. R. App. P.
47.2(b).