

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

### NO. 02-14-00117-CR

CHRISTOPHER YARBOROUGH                                          APPELLANT

V.

THE STATE OF TEXAS                                                         STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
TRIAL COURT NO. 1313733D

----------

## DISSENTING MEMORANDUM OPINION[1]

----------

I respectfully dissent from the majority's holding that when viewing the evidence in light most favorable to the prosecution that the trial court could have found beyond a reasonable doubt that Yarborough knowingly possessed the methamphetamine found under a bed in a bedroom in an apartment where seven individuals were found at the time police conducted their search. *Jackson v.*

---

[1]*See* Tex. R. App. P. 47.4.

*Virginia*, 443 U.S. 307, 326, 99 S. Ct. 2781, 2793 (1979); *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014).

The trial court determined that Yarborough's presence at the apartment in which methamphetamine was found under a bed that evidence shows was a shared room between him and co-defendant Bass, coupled with the presence of legal documents with Yarborough's name and signature on them, men's clothing, a bag containing men's personal hygiene items, and the fact that the methamphetamine along with drug paraphernalia were found in a safe containing a set of digital scales with the nicknames of both he and co-defendant Bass handwritten on them in pink marker, as well as $650 cash found on Yarborough's person were sufficient "links" to find Yarborough guilty beyond a reasonable doubt of possessing the methamphetamine found under the bed.

That a person can be convicted of possession of a controlled substance on such tenuous connections is disturbing, and our jurisprudence should not abide such a result, especially given that each of these facts establish that Bass, or any of the other six occupants of the house, could have possessed the methamphetamine. *See Meyers v. State*, 665 S.W.2d 590, 595 (Tex. App.—Corpus Christi 1984, pet. ref'd) ("Control of the apartment is not synonymous with control of the contraband when the appellant does not have sole access.")

In fact, other links not discussed by the majority tend to connect Bass to the methamphetamine instead of Yarborough. Indeed, the officers' search warrant was predicated on a controlled buy that Bass conducted with the

2

confidential informant whereby Bass sold methamphetamine to the confidential informant. The logical inference from this purchase is that Bass, not Yarborough, possessed the methamphetamine. The nicknames found inscribed on the digital scales was done so using a hot pink marker. The logical inference from the writing and the color of the marker used to inscribe the digital scales is that the scales belonged to Bass, or at a minimum that the inscription was written by Bass. Furthermore, one of the other occupants of the apartment was found to have possessed 27.92 grams of methamphetamine in her purse. The logical inference from this is that both Bass and the other female individual were the ones possessing and selling methamphetamine. And $650 cash found on Yarborough is simply insufficient of itself to prove possession.

That Yarborough may have previously possessed methamphetamine and, possibly, was even previously dealing drugs, is not sufficient to find that he possessed the methamphetamine found under the bed. The evidence in the record linking Yarborough to the methamphetamine is simply not enough to establish possession. The State proved no more than a mere probability or strong suspicion, that Yarborough jointly possessed the methamphetamine. But "[p]roof amounting only to strong suspicion or mere probability will not suffice" to support a conviction for possession. *See Roberson v. State*, 80 S.W.3d 730, 742 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd). Possession means more than merely "being where the action is." *Meeks v. State*, 692 S.W.2d 504, 511 (Tex. Crim. App. 1985) (*quoting Wilkes v. State*, 572 S.W.2d 538, 540 (Tex. Crim. App.

3

1978)).  While recognizing that the State need only prove joint possession, here joint possession among seven people is a stretch.  I would hold that the State failed to prove that Yarborough possessed the methamphetamine found under the bed and therefor I dissent.

/s/ Bill Meier
BILL MEIER
JUSTICE

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  April 16, 2015

4