**Affirmed and Memorandum Opinion filed July 12, 2016.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-15-00539-CR

---

### GREGORY CHARLES HURST, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 56th District Court
Galveston County, Texas
Trial Court Cause No. 14CR1316**

---

## M E M O R A N D U M   O P I N I O N

Appellant Gregory Charles Hurst was convicted of possessing more than four grams but less than 200 grams of cocaine with intent to deliver. Tex. Health & Safety Code Ann. § 481.112 (West 2010). At trial, the jury found two enhancement paragraphs to be true and sentenced appellant to confinement in the Institutional Division of the Texas Department of Criminal Justice for fifty years.

In a single issue, appellant contends the evidence is legally insufficient for a

rational juror to conclude beyond a reasonable doubt that he possessed cocaine with intent to deliver. Specifically, appellant challenges the element of possession—i.e., whether he exercised care, custody, control, or management over the cocaine. We hold the evidence of possession is legally sufficient and therefore affirm the trial court's judgment.

## BACKGROUND

In March 2014, the Texas City Police Department was informed that drugs were being sold out of Apartment 711 at Heritage 9th Avenue Apartment Complex. Soon after receiving the tip, Officer Rhone began investigating the apartment. For approximately one month, Officer Rhone conducted early morning surveillance of the apartment two to three times per week for thirty to forty-five minutes each time. On one occasion, he saw appellant leave the apartment.

Officer Rhone also used a confidential informant to conduct a controlled buy from the apartment. Based on his training and experience, Officer Rhone determined that the substance sold to the confidential informant was cocaine. With this information, Officer Rhone obtained a search warrant for the apartment.

On the afternoon of April 24, 2014, Officer Rhone and Officer Crumpley conducted further surveillance of the apartment before executing the search warrant. Officer Crumpley observed a consistent flow of people enter the apartment for short periods of time. On seven or eight occasions, Officer Crumpley saw appellant leave the apartment, approach the passenger side of a car, briefly talk to the driver, and return to the apartment. Officer Crumpley did not see appellant with drugs or money, but testified that appellant's behavior was consistent with that of a drug dealer.

Officer Rhone testified that he observed at least three people enter the

2

apartment for short periods of time. On five occasions within one hour, Officer Rhone observed appellant leave the apartment, approach a waiting car, reach inside the car, and return to the apartment. According to Officer Rhone, the visitors to the apartment and appellant's interactions with the cars both indicated drug-related activity.

Officer Rhone also observed appellant walk to a nearby shopping center twice that day. The first time, appellant wore a red shirt and white shorts, but on the second trip he had changed into a black shirt and gray shorts. Appellant was arrested on his second trip. Officers searched appellant and recovered $452.68, but did not find drugs or a key to the apartment.

Due to safety concerns, officers made a forced entry into the apartment, which was empty. The dead bolt on the front door of the apartment was not locked, and officers found a door key in the apartment during the search.

While searching the bedroom of the apartment, officers found cocaine in the lower drawer of a dresser and also on top of the dresser, hidden in a male cologne box and jewelry box. The cocaine was stored in multiple plastic baggies in a manner that, according to Officer Rhone and Officer Bjerke, was consistent with drug distribution. Officers found $1,445 in the same bedroom dresser, along with appellant's birth certificate and social security card. A digital scale was also found in a kitchen drawer, which Officer Rhone testified was commonly used by cocaine distributors.

Appellant's girlfriend, Dejon Thomas, was the sole leaseholder of the apartment and paid rent in person. Thomas listed appellant as her boyfriend and emergency contact on lease documents. Appellant signed several lease-related documents with Thomas, but was never listed as an official resident. Elizabeth Dvorak, the property manager of the apartments, testified that Thomas had been

3

living with her mother for the past two months and was not currently occupying the apartment.

Dvorak considered appellant the sole occupant of the apartment. Heginio Rodriguez, the maintenance supervisor at the apartments, also considered appellant to be living at the apartment between July 2013 and April 2014. Rodriguez testified that he saw appellant's car parked in front of the apartment every day.

Officer Rhone testified that, during the search, a red shirt and white shorts consistent with appellant's earlier outfit were found in the bedroom, laying on top of the bed. The white shorts had a dry cleaning tag attached and had cash in both pockets. Officers found $331 in the right pocket and $178 in the left pocket. A dry cleaning receipt with appellant's name on it was found in the apartment, though the tag number did not match the receipt.

Two medication bottles labeled with appellant's name were found in the apartment, one of which listed an address different from that of the apartment. Male items including shaving cream, shoes, and clothing were found in the bedroom closet and bathroom. A backpack containing a paycheck stub addressed to appellant was found in the bedroom closet.

Appellant was charged with possession of a controlled substance with intent to deliver. A jury convicted him, found two enhancement paragraphs to be true, and sentenced appellant to fifty years confinement. This appeal followed.

## ANALYSIS

In his sole issue on appeal, appellant challenges the sufficiency of the evidence establishing the first element of the charged offense: unlawful possession of a controlled substance. Appellant argues that the State failed show sufficient links between him and the cocaine from which a reasonable jury could conclude he

4

had knowledge and possession. We therefore examine whether there is legally sufficient evidence for a rational fact finder to conclude beyond a reasonable doubt that appellant knowingly possessed a controlled substance.

## I.    Standard of review and applicable law

We review the sufficiency of the evidence in the light most favorable to the verdict and determine whether a rational fact finder could have found that each essential element of the charged offense was proven beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

A person commits the first-degree felony offense of possession of a controlled substance with intent to deliver if he knowingly possesses a controlled substance, such as cocaine, in an amount between four and 200 grams with intent to deliver. Tex. Health & Safety Code Ann. § 481.112 (West 2010). "Possession" is defined as "actual care, custody, control, or management." Tex. Penal Code Ann. § 1.07(a)(39) (West Supp. 2015). Therefore, to prove unlawful possession of a controlled substance, the State must establish that the accused (1) exercised care, control, or management over the contraband, and (2) knew the substance was contraband. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005); *Moreno v. State*, 195 S.W.3d 321, 325 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd). The element of possession may be proven through direct or circumstantial evidence, although the evidence must establish that the accused's connection with the substance was more than fortuitous. *Poindexter*, 153 S.W.3d at 405–06.

When the accused is not in exclusive possession of the place where the contraband is found, the State must show additional facts and circumstances that affirmatively link the accused to the contraband. *See Olivarez v. State*, 171 S.W.3d

5

283, 291 (Tex. App.—Houston [14th Dist.] 2005, no pet.). An affirmative link generates a reasonable inference that the accused knew of the contraband's existence and exercised control over it. *Id.*

Courts have identified the following factors that may affirmatively link the accused to a controlled substance: (1) the accused's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the accused's proximity to and the accessibility of the narcotic; (4) whether the accused was under the influence of narcotics when arrested; (5) whether the accused possessed other contraband or narcotics when arrested; (6) whether the accused made incriminating statements when arrested; (7) whether the accused attempted to flee; (8) whether the accused made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the accused owned or had the right to possess the place where the narcotics were found; (12) whether the place where the narcotics were found was enclosed; (13) whether the accused was found with a large amount of cash; and (14) whether the conduct of the accused indicated a consciousness of guilt. *Evans v. State*, 202 S.W.3d 158, 162 n.12 (Tex. Crim. App. 2006). Additionally, a large quantity of contraband may be a factor affirmatively linking appellant to the contraband. *See Olivarez*, 171 S.W.3d at 292.

No set formula of facts is required to find an affirmative link that supports an inference of knowing possession; whether such an inference is reasonable is determined by the totality of the circumstances. *Hyett v. State*, 58 S.W.3d 826, 830 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). The number of factors present is not as important as the combined logical force of the factors in proving that the accused knowingly possessed the controlled substance. *Roberson v. State*, 80 S.W.3d 730, 735 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd).

6

**II.   There is legally sufficient evidence that appellant possessed the cocaine.**

Having reviewed the record in light of these standards, we conclude that appellant's status as the occupant of the apartment, as well as other independent facts, affirmatively link appellant to the cocaine such that the jury could reasonably infer he had knowledge of the cocaine and exercised control over it.

Appellant argues that the State failed to prove beyond a reasonable doubt that he possessed cocaine. He points to the following facts that, according to appellant, show he did not exercise care, custody, control, or management over the contraband: (1) he was not the lessee of the apartment; (2) he was not arrested in the apartment and did not possess a key to the apartment; (3) he was not present at the apartment when it was searched; and (4) other people were seen entering and leaving the apartment that day. Appellant argues that the evidence establishes nothing more than "mere association" with apartment 711, which is insufficient to show the essential element of possession. *See Hernandez v. State*, 517 S.W.2d 782, 783 (Tex. Crim. App. 1975). Appellant also argues that the personal items discovered in the apartment fail to connect him to the cocaine, which was concealed in the bedroom. We disagree.

Multiple, independent facts affirmatively link appellant to the cocaine. The evidence showed that appellant had the right to possess and exercise control over the apartment. The property manager and maintenance supervisor testified that appellant lived in the apartment. *See Edwards v. State*, 813 S.W.2d 572, 578 (Tex. App.—Dallas 1991, pet. ref'd) (evidence was sufficient to connect defendants to apartment when the apartment manager told police that defendants lived there). Male clothes and shoes were found in the bedroom and closet. *See Evans*, 202 S.W.3d at 164 (noting male clothing found in the bedroom was evidence of defendant's right of possession). The lessee listed appellant as her boyfriend on

7

lease documents, and appellant signed application documents for the apartment with her, which further supports an inference that appellant had a right of possession. *See Burrell v. State*, 445 S.W.3d 761, 765–66 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) (holding defendant had a right to possess apartment even though his girlfriend was the lessee).

Officers testified that appellant was seen going in and out of the apartment multiple times on the day of the search. *See Hutchinson v. State*, 424 S.W.3d 164, 169 (Tex. App.—Texarkana 2014) (holding defendant's ability to go in and out of another's residence without knocking was affirmative link). Though appellant did not possess a key to the apartment when he was arrested, the jury could have concluded based on the evidence that the front door was unlocked and therefore appellant did not need a key to re-enter the apartment.[1] Appellant's paycheck stub, medication, and mail were also found in the apartment. *See Jackson v. State*, No. 14-15-00244-CR, 2016 WL 2605784, at *4 (Tex. App.—Houston [14th Dist.] May 5, 2016, no. pet.) (holding that mail addressed to appellant and paperwork with appellant's name found in enclosed garage showed appellant's access). From such evidence, a rational trier of fact could infer that appellant possessed and maintained control of the apartment and therefore knew of its contents.

The record also supports an inference that the cocaine was accessible to appellant. Appellant's personal items, such as his birth certificate and social security card, were found in the same dresser as the cocaine. *See Hubert v. State*, 312 S.W.3d 687, 688 (Tex. App.–Houston [1st Dist.] 2009, pet. ref'd) (holding defendant's personal documents found on the same shelf as the drugs constituted

---

[1] *See One Thousand Six Hundred Four Dollars & Nine Cents ($1,604.09) In U.S. Currency v. State*, 484 S.W.3d 475, 481 (Tex. App.—Houston [14th Dist.] 2015, no pet.) ("If circumstantial evidence will support more than one reasonable inference, it is for a jury to decide which is more reasonable, subject only to review by the trial court and the court of appeals to assure that such evidence is factually sufficient.").

strong affirmative link).

In addition to the cocaine, officers recovered drug paraphernalia in the apartment. A digital scale was located in a kitchen drawer, and Officer Rhone testified that such scales were commonly used for drug trafficking. The cocaine was found packaged inside plastic baggies, which Officer Rhone and Officer Bjerke testified was consistent with drug trafficking. Appellant also possessed $452.68 when he was arrested. In the bedroom, officers found approximately $500 in white shorts, which were consistent with those appellant had been seen wearing earlier in the day, and $1445 hidden in the dresser, in which appellant's personal documents were found. In the context of other affirmative links and the additional cash found in the apartment, appellant was found with a large amount of cash. *See Evans*, 202 S.W.3d at 16 (holding that $160 was a significant amount of money when viewed in conjunction with surrounding circumstances).

Among other facts the jury may have found relevant under the totality of the circumstances are appellant's numerous interactions with cars in front of the apartment and the intensity of foot traffic in and out of the apartment. Officer Rhone and Officer Crumpley testified that both of these facts indicate drug distribution. A reasonable jury could have concluded that this evidence supported appellant's knowledge and possession of the cocaine.

The evidence in this case as a whole supports a reasonable inference that appellant exercised control, management, or care over the cocaine. Therefore, we hold the evidence is legally sufficient to support appellant's conviction. We overrule his sole issue.

## CONCLUSION

Having overruled appellant's sole issue, we affirm the trial court's judgment.

/s/    J. Brett Busby
        Justice

Panel consists of Justices Christopher, McCally, and Busby.
Do Not Publish — TEX. R. APP. P. 47.2(b).