## LEW RICHEY v. THE STATE.

### No. 8167.   Decided May 14, 1924. ·

**1.—Manufacturing Intoxicating Liquor—Indictment.**

The attack upon the indictment upon the ground that it conflicts with the Act of Congress, known as the Volstead Act, cannot be sustained. Following: Ex Parte Gilmore, 88 Texas Crim. Rep., 529, and other cases.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial of unlawfully manufacturing intoxicating liquor, the evidence sustained the conviction under proper charge of the court, there is no reversible error.

Appeal from the District Court of Denton.   Tried below before the the Honorable C. R. Pearman.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Tom Garrard,* Attorney for the State and *Grover C. Morris,* Assistant Attorney for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

A warrant to search the premises of the appellant was executed by officers who testified as witnesses. According to their testimony, there was found upon the premises a quantity of whisky in jars; also a number of bottles denominated "choc beer." A distillery was also found in the house bearing unmistakable evidence of having been recently used. It was connected, warm, and supplied with mash, and there was dripping from the coil, a fluid which, according to the officers, was not whisky but which had a very strong taste indicating that water had been poured into the boiler after whisky had been run.

On the arrival of the officers, appellant's wife was present, and the appellant soon after arrived in his automobile. According to the appellant, the house contained six rooms. It belonged to a man named Shepherd and was rented by the appellant's father. One room had been rented to a man named McNatt for storage purposes; another room was occupied by the father of the appellant; and some property belonging to one Harwell was stored in another room. Appellant testified that after renting the room to McNatt in which to store some

feed stuff, he went to visit his father-in-law, whose residence was two miles distant from that of the appellant and there remained for two weeks; that at the time of his departure, neither the still nor the liquor was on the premises; that on the day he was arrested he had returned from his sojourn at the home of his father-in-law, but on account of an injury to his automobile, he had not entered the house but had driven his car to a garage where he had the necessary repairs made, and that upon his second return he found the officers at his home.

None of the parties mentioned by the appellant as having rights in the premises, with the exception of the appellant's father, were shown to have been present. The contrary appears. The jury was instructed in a manner of which no complaint was made, and in which we have observed no fault. A proper instruction on the law of circumstantial evidence was embraced in the court's charge, and the evidence is deemed sufficient to support the verdict.

The attack upon the indictment upon the ground that it conflicts with the Act of Congress known as the Volstead Act cannot be sustained for the reasons stated in Ex Parte Gilmore, 88 Texas Crim. Rep., 529, where the same point was considered and determined against the contention of the appellant. The decision of this court on the subject in the Chandler cases was approved by the Supreme Court of the United State. See U. S. Rep., 67 Law. Ed., p. 474.

The judgment is affirmed.

*Affirmed.*