### T. J. WILDE V. THE STATE.

No. 9171.    Delivered December 22, 1926.

**1.—Manufacturing Intoxicating Liquor—Evidence—Comparison of Tracks—Properly Admitted.**

It is well settled by the authorities of this, as well as other states, that it is permissible for officers to take measurements of the admitted tracks of accused, or of his shoes or foot, and then compare them with tracks either at or near the scene of the crime, or other place, when such comparison has evidential value.

**2.—Same—Evidence—Sufficiency Of—Rule Stated.**

In passing upon the sufficiency of the evidence on appeal, the rule is that the verdict will not be disturbed unless the record manifests such lack of evidence as leads the court to conclude that same was the result of prejudice or passion on the part of the jury. In testing this matter the state's evidence is looked to. Measured by this rule the evidence in this case, though circumstantial, was ample to support the judgment.

Appeal from the District Court of Archer County. Tried below before the Hon. H. R. Wilson, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Davenport, Thornton & Cummings, Heyser & Hicks,* and *Richard Dresser,* for Appellant.

*James V. Allred,* District Attorney; *Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—From a conviction in the District Court of Archer County for the offense of manufacturing intoxicating liquor, with punishment fixed at one year in the penitentiary, this appeal is taken.

There are four bills of exception, the first of which complains of the refusal of a peremptory instruction, which was properly overruled. The second bill was to the refusal of a special charge presenting the defense of alibi. Said defense was fully covered in a special charge which was given, and the refusal of the charge complained of in this bill of exception was not erroneous. The bill of exception based on complaint of a paragraph of the court's main charge is without merit and does not need discussion. Authorities are numerous and need not be cited, supporting the proposition that it is permissible for the officer to take measurements of the admitted track of the accused, or of his shoes or foot and then compare same with tracks made either at or near the scene of the crime or some other place, where such tracks have evidential value.

Appellant's principal complaint is of the insufficiency of the testimony. We observe that the rule in this regard is that the verdict will not be disturbed unless the record manifests such lack of evidence as leads us to conclude that same was the result of prejudice or passion on the part of the jury. Also we observe that in testing this matter the state's evidence is looked to. The sheriff of the county testified that on a certain occasion he went to appellant's home and found there appellant, his wife and two men, shown by other parts of the record to be two of appellant's brothers-in-law who lived in Knox County. After some search around the house the sheriff went along a little road north and then in through a gate into the pasture of appellant's father-in-law, Mobitzer. In this pasture at a point from a half to three-quarters of a mile from appellant's house a tank was found, from which tank a recent wagon track led in the direction of a little draw. There was a small earth dam of comparatively fresh dirt across this little branch. Failing to see where the dirt came from with which this dam was constructed, a search was made and a place discovered where water had been freshly spilled on the ground. Near this a door covered with earth and grass was discovered. Opening this door brought to light a dugout in which were found seven barrels of rye mash and a still in operation from which whiskey was dripping into a container. In the dugout was a fresh barrel of water. Attached to the gasoline tank of the burner operating the still was what was called a pear burner. Fresh wagon tracks were observed

leading from the still, and human tracks were also noticed in and around the place. The wagon tracks were those of a wide-tired wagon and easily followed. The officer followed them back through the field to the wagon of appellant which was standing in his yard with the team hitched to it. Appellant was asked to make a track, which was measured and compared with the tracks at the still and was found to be identical. In another wagon in appellant's yard was found a pear burner like the one attached to the still. A part of the roof of the dug-out in which the still was found was composed of crossties. In the same wagon in appellant's yard, in which was the other pear burner, were found several crossties similar to those used in the construction of the roof of the dugout. The mash in the barrels was rye mash and in appellant's barn were found sacks of rye. The other wagon in appellant's yard was a narrow-track wagon, and leading from the tank to the still were found tracks of a narrow-track wagon older than the wagon tracks followed by the officer which led from the scene of the still to the appellant's wagon standing in the yard. In appellant's house were found a case and a half of pint bottles and under some mesquite trees near the house were observed a number of quart bottles. Appellant's brother-in-law, Mobitzer, testified for the defense and said that neither he nor his brother, nor any of his people, had anything to do with the still. In appellant's house was a pint bottle of whiskey, which he said was prescription whiskey, but which the officer said looked like that found by him at the still. The court submitted the case to the jury on the theory of circumstantial evidence, and to our minds the evidence was amply sufficient to support the conclusion of guilt.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*