**Kenneth CAPPS, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–88–126 CR.**

Court of Appeals of Texas, Beaumont.

Sept. 28, 1988.

B. Warren Goodson, Jr., Beaumont, for appellant.

Tom Maness, Criminal Dist. Atty., and R.W. Fisher, Asst. Criminal Dist. Atty., Beaumont, for appellee.

## OPINION

BURGESS, Justice.

This is an appeal from a conviction for the offense of manufacture of less than 28 grams of a controlled substance, amphetamine. The court assessed appellant's punishment at thirty years' confinement in the Texas Department of Corrections after appellant pleaded true to one enhancement count.

In his first point of error, appellant alleges the evidence is insufficient to sustain his conviction. When reviewing sufficiency of the evidence points in both direct and circumstantial evidence cases, an appellate court considers the evidence in the light most favorable to the verdict, *Houston v. State*, 663 S.W.2d 455, 456 (Tex.Crim.App. 1984), to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. State*, 672 S.W.2d 801, 803 (Tex.Crim.App.1984). Bearing this standard in mind, we turn to the evidence and an evaluation of its sufficiency.

In November of 1987, a house occupied by the appellant was the subject of police surveillance for several days, pursuant to an informant's tip. Lt. James Singletary of the Beaumont Police Department testified that during the surveillance he saw appellant and three others unload packages of glassware from a car and carry them into appellant's home. The officer also smelled the distinct odor of an amphetamine lab at one point during the surveillance. Appellant was arrested during a raid on the house. He was found downstairs in the kitchen. Three others were found upstairs and taken into custody. A drug lab, in place and operating, was found in the upstairs hallway and bathroom.

At trial, appellant testified he did not know of the drug lab's existence. The two-story structure was owned by appellant's father and uncle, but appellant lived there. He contended the house had been divided into two abodes—his being downstairs with a kitchen and the other upstairs without a kitchen—and that he limited his use of the structure to the downstairs abode.

Appellant presented testimony indicating he was not home on the day Lt. Singletary

smelled the odor identified as unique to amphetamine labs and, in fact, had never smelled an unusual odor. It was his testimony that he had driven his truck to Houston the morning the officer smelled the odor and was gone until late that evening. Lt. Singletary testified, however, that the truck was parked at the residence on that day. Two officers testified that, while faint, the characteristic odor of a methamphetamine lab was also present downstairs when appellant was arrested there.

■ Mere presence at the scene of a crime is insufficient to support a conviction for the crime, but presence is a circumstance tending to prove guilt which, when combined with other facts, may suffice to show that an accused was a participant in the crime. *Cf. Ortiz v. State*, 577 S.W.2d 246 (Tex.Crim.App.1979). Appellant's fingerprints were found on two items confiscated from the upstairs portion of the home —a hotplate and a mason jar. The mason jar contained phenylacetone, a precursor to the manufacture of amphetamine. Appellant contends he must have touched the mason jar while helping the upstairs occupants unload their car. The mere possibility that a defendant's fingerprints may have been left at a time other than the time of the commission of the crime does not necessarily render the evidence insufficient. *Phelps v. State*, 594 S.W.2d 434 (Tex.Crim.App.1980). Lt. Singletary testified he observed the unloading during his surveillance, including the unloading of glassware contained in "packages," which indicates the prints were not made during the unloading.

A notebook containing handwritten chemical formulas was found downstairs in appellant's bedroom. At trial, the state's expert in the identification of controlled substances identified the formulas as precursors to the production of methamphetamine.

In *East v. State*, 722 S.W.2d 170, 171–72 (Tex.App.—Fort Worth 1986, pet. ref'd), the Fort Worth court listed the following as incriminating factors in a drug manufacturing case:

> [E]vidence of possession of a drug lab on one's premises combined with evidence that the lab has been used on the premises to manufacture the drug alleged, and in circumstances where the presence of the lab, because of its open location or odor or both, is shown to have been known to the defendant.

Appellant admittedly was in possession and control of at least part of the house. A notebook of formulas was found in appellant's bedroom, and incriminating fingerprints were found upstairs. The lab and the odor associated with the lab were very much in open view upstairs and in "open smell" even downstairs. The only evidence to indicate appellant had relinquished possession and control of the upstairs came from appellant and his live-in girlfriend. We think that under these facts, the credibility of the testimony from these interested witnesses was a matter for the jury to consider in its deliberations. *See East*, 722 S.W.2d at 172. Having found that the evidence was sufficient to support the conviction, appellant's first point of error is overruled.

■ Appellant next complains that the prosecutor stepped outside the record during final argument. A prosecutor may not use jury argument to get before the jury, either directly or indirectly, evidence which is outside the record. *Jordan v. State*, 646 S.W.2d 946, 948 (Tex.Crim.App.1983). The remark complained of is as follows:

> [Prosecutor]: The defendant has testified ... that he was downstairs at all times, that he could not smell the aroma of the cooking drug, that he had nothing to do with it. If here in this courtroom you all could smell that odor, if experienced police officers sitting there on the stand got red eyes from sitting here—
>
> [Defense Counsel]: Objection, Your Honor, that is outside the record.

The trial court sustained the objection and instructed the jury to disregard. Appellant's motion for mistrial was denied.

■ It is unclear in this case whether defense counsel's objection was to the com-

ment regarding the smell of the chemicals in the courtroom or to the reference to the police officers' red eyes. Any harm caused by the reference to the smell in the courtroom was cured by the instruction to disregard and defense counsel's allowing the prosecution to go on to state, without objection, "If you can sit here and smell that, ladies and gentlemen, how is a person, by the testimony of another witness [who] was ... living in that house ... not going to be able to smell it." *See Gardner v. State,* 730 S.W.2d 675, 698 (Tex.Crim.App.), *cert. denied,* —— U.S. ——, 108 S.Ct. 248, 98 L.Ed.2d 206 (1987). The reference to the officers' red eyes was not, in itself, so inflammatory as to overcome the jury's ability consciously to disregard it. *Id.* Appellant's final point of error is overruled.

The judgment of the trial court is affirmed.