COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-017-CR

 

 

JAMES LARRY MCGLOTHLIN                                                APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 97TH DISTRICT COURT OF MONTAGUE COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

 

I.  Introduction

Appellant James Larry
McGlothlin appeals his conviction and ninety-year sentence for manufacturing
methamphetamine.  In two points,
appellant contends that the evidence is legally insufficient to support his
conviction and that the trial court erred by failing to suppress evidence
obtained from an improper search warrant. 
We affirm.








II.  Background Facts

 

On May 14, 2003, Officer
Marshall Thomas, a Texas Ranger certified in clandestine methamphetamine
laboratory investigations, conducted surveillance of appellant=s house after receiving reports of strange smells and activities from
appellant=s
neighbors.  During this surveillance,
Officer Thomas smelled the distinct odor of ether.

To confirm his suspicions,
Officer Thomas asked Officer Kent Stagg, an experienced methamphetamine
investigator trained in recognizing lab odors, to accompany him on a drive past
appellant=s home.  Officer Stagg also smelled ether at the
residence.

Officer Thomas, knowing that
ether is a key substance in methamphetamine production, that appellant lived at
the house exuding the odor, that appellant associated with drug dealers and
users, and that appellant himself had fifteen past drug arrests, requested a
search warrant of the home. 








When the officers returned to
appellant=s residence
with the warrant, they found appellant lying in a car in the driveway with a
child on top of him.  Near the car,
officers found a Aburn barrel@ that contained several fluid cans with punctured holes.  The officers also found a methamphetamine lab
in a rear storage room inside the house. 
Soon after, the officers arrested Jerry Hardwick outside the door to the
lab and Jack McLean inside the lab.  The
officers found three other people at the residence whom they did not arrest.

Police laboratories
identified the materials in the storage room, including clear and milky liquids
and white powders, as methamphetamine-producing products.  In a bedroom, another officer found gram
scales, appellant=s birth and
marriage certificates, and other documents that listed appellant=s address as the residence in the search warrant.

III.  Legal Sufficiency

In his first point, appellant
argues that the evidence is legally insufficient[2]
to establish that he intentionally and knowingly manufactured methamphetamine
in an amount more than 400 grams. 
Specifically, appellant argues that the State did not produce sufficient
evidence to link him to the methamphetamine lab.

 

 








A.  Standard of Review

In reviewing the legal
sufficiency of the evidence to support a conviction, we view all the evidence
in the light most favorable to the judgment in order to determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Hampton v.
State, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).      

B.  Applicable Law

A person violates section
481.112 of the health and safety code if he knowingly manufactures a controlled
substance.  Tex. Health & Safety Code Ann. ' 481.112(a) (Vernon 2003).  A
controlled substance is defined as Aa substance, including a drug, an adulterant, and a dilutant, listed
in Schedule I through V or Penalty Groups 1, 1-A, or 2 through 4.@  Seals v. State, 187
S.W.3d 417, 419 (Tex. Crim. App. 2005) (quoting Tex. Health &  Safety Code
Ann. ' 481.002(5)
(Vernon Supp. 2006)); see also Chapman v. United States, 500 U.S. 453,
460, 111 S. Ct. 1919, 1925 (1991). 
Methamphetamine is a controlled substance.  See Seals, 187 S.W.3d at 420.  








To obtain a conviction for
the manufacturing of a controlled substance, the State must affirmatively link
the defendant either to an interest in the place where the manufacturing was
taking place or to the actual act of manufacturing.  East v. State, 722 S.W.2d 170, 172
(Tex. App.CFort Worth
1986, pet. ref=d).  In the present case, the State successfully
established several affirmative links between appellant and the methamphetamine
manufacturing. 

C.  Analysis

First, both parties agree
that appellant resided at the house where the methamphetamine lab was
found.  Appellant, however, asserts that
his mere presence at the house is insufficient to establish an affirmative
link.  While the presence of an accused at the scene
of an offense is not alone sufficient to support a conviction, it is a
circumstance tending to prove guilt, which, combined with other facts, may
suffice to show that the accused was a participant.  Beardsley v. State, 738 S.W.2d 681,
685 (Tex. Crim. App. 1987); Valdez v. State, 623 S.W.2d 317, 321 (Tex.
Crim. App. [Panel Op.] 1981) (op. on reh=g).  Here, however, appellant was not merely
present at the house during the offense; he lived there.  








Further, the evidence shows
that appellant maintained long-term residency in the house.  Because of the nature of methamphetamine
production, this fact is significant. 
One manufactures methamphetamine in the open.  East, 722 S.W.2d at 172.  Also, when a person manufactures
methamphetamine using the ether method, there is a strong odor.  Id. 
Further, the production equipment is relatively cumbersome and clearly
in plain view.  See id.  As a result, the fact that a defendant had a
prolonged presence on the premises weighs more heavily against that defendant
when methamphetamine is being manufactured on the premises.  See id.  Here, appellant not only lived in the house
with the lab, but had resided there for some time.  Further, the ether odor was so strong that
the officers recognized it without exiting their car.

The State established several
other affirmative links between appellant and the methamphetamine
manufacturing.  First, the evidence at
trial established that appellant had access to the storage room in which the
manufacturing took place.  Also,
appellant=s residence
had exuded an ether odor for a long period of time.  Police found gram scales in appellant=s bedroom and found appellant himself near a burn barrel that was
currently in use.  Further, McLean
testified that appellant was going to pay back a debt in Adope.@








In determining whether the
evidence is sufficient to link the defendant to the contraband, the trier of
fact is the exclusive judge of the credibility of the witnesses and the weight
to be given their testimony.  Poindexter
v. State, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005).  Applying the appropriate standard of review,
we hold that the evidence, both direct and circumstantial, is legally
sufficient to support the jury=s determination that there were sufficient affirmative links between
appellant and the methamphetamine manufacturing.  Accordingly, we overrule appellant=s first point.                                

IV.  Motion to Suppress

In his second point,
appellant argues that the trial court erred by denying his motion to suppress
because the search warrant affidavit did not set forth substantial facts to
establish probable cause.  Specifically, appellant
asserts that Officer Thomas=s affidavit lacked significant, reliable, and credible information
indicating that appellant had committed an offense and that officers would find
evidence at appellant=s residence.

A.  Standard of Review

In reviewing a search warrant
affidavit, we must read the affidavit in a common sense, realistic manner,
recognizing that the magistrate who originally reviewed it may draw reasonable
inferences from its content.  See
Davis v. State, No. PD-0636-05, 2006 WL 2620047, at *6 (Tex. Crim. App.
Sept. 13, 2006); Jones v. State, 833 S.W.2d 118, 123-24 (Tex. Crim. App.
1992), cert. denied, 507 U.S. 921 (1993).  Appellate courts should give deference to the
magistrate=s
determination of probable cause and decide whether that magistrate had a
substantial basis for concluding that the search warrant would Auncover evidence of wrongdoing.@  Swearingen v. State,
143 S.W.3d 808, 810 (Tex. Crim. App. 2004).  









B.  Applicable Law and Analysis

Appellant=s major complaint centers around Officer Thomas=s statement that officers from other investigative agencies had told
him that appellant was involved in methamphetamine manufacturing and kept
company with drug users and dealers. 
Appellant argues that the affidavit does not note when Officer Thomas
spoke with the officers or when the officers acquired their knowledge of
appellant=s
activities.  Since the State concedes
that these affidavit references are too indefinite to justify a basis for
probable cause, we turn immediately to the more pressing issue: whether the
personal observations of two officers, one of whom was the affiant, regarding
the ether smell provide sufficient probable cause for the search warrant.








Texas law is clear that a
trained officer=s detection
of distinctive odors associated with narcotics is competent evidence of
probable cause for a search warrant.  Lowery
v. State, 843 S.W.2d 136, 142 (Tex. App.CDallas 1992, pet. ref=d); Chavez v. State, 769 S.W.2d 284, 287 (Tex. App.CHouston [1st Dist.] 1989, pet. ref=d); see United States v. Park, 531 F.2d 754, 759 (5th
Cir. 1976).  Additionally, odor evidence
alone is sufficient to establish probable cause.  See Moulden v. State, 576 S.W.2d 817,
818 (Tex. Crim. App. [Panel Op.] 1978) (holding that, after stopping the
defendant for speeding, police officers had probable cause to search the car
when they smelled marijuana).  When an
affiant seeking a search warrant testifies to the presence of odors associated
with drug manufacturing, and a magistrate finds the affiant qualified to
recognize the odor, that testimony is considered sufficient evidence towards
probable cause.  See Davis, 2006
WL 2620047, at *6; see also Crawford v. State, 769 S.W.2d 331, 335 (Tex.
App.CSan Antonio, 1989, pet. ref=d) (holding that officers= observations of odors and expertise may be taken into account in
determining whether probable cause is present). 


Here, Officer Thomas, a Texas
Ranger, had at least three years= experience and training in the detection of clandestine
methamphetamine laboratories and the apprehension of methamphetamine
manufacturers and dealers.  Officer
Thomas noted this experience in the search warrant affidavit.  Further, Officer Thomas invited Officer
Stagg, who was also experienced in methamphetamine investigations, to observe
appellant=s home.  As noted in the affidavit, Officer Stagg
confirmed Officer Thomas=s suspicions
about the ether odor.

Thus, on the same day the
affiant observed the odor twice and Officer Stagg observed it once at appellant=s residence, the magistrate read the affidavit and issued the
warrant.    








From these facts, the
magistrate could conclude that Officer Thomas had a substantial basis to
believe that he would find evidence of methamphetamine production at
appellant's house.  See Davis,
2006 WL 2620047, at *6.  We therefore
hold that the magistrate had a substantial basis for concluding that probable
cause existed to issue the search warrant, and we overrule appellant=s second point.

                                          V.  Conclusion

Having overruled appellant=s points, we affirm the trial court=s judgment.

 

PER CURIAM       

PANEL F:    LIVINGSTON, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED: September 28, 2006











[1]See Tex. R. App. P. 47.4.





[2]
Specifically, appellant challenges the trial court=s
denial of his motion for instructed verdict, which is a challenge to the legal
sufficiency of the evidence.  See McDuff
v. State, 939 S.W.2d 607, 613 (Tex. Crim. App.), cert. denied, 522
U.S. 844 (1997).