MCGLOTHLIN V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-017-CR

JAMES LARRY MCGLOTHLIN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 97TH DISTRICT COURT OF MONTAGUE COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant James Larry McGlothlin appeals his conviction and ninety-year sentence for manufacturing methamphetamine.  In two points, appellant contends that the evidence is legally insufficient to support his conviction and that the trial court erred by failing to suppress evidence obtained from an improper search warrant.  We affirm.

II.  Background Facts

On May 14, 2003, Officer Marshall Thomas, a Texas Ranger certified in clandestine methamphetamine laboratory investigations, conducted surveillance of appellant’s house after receiving reports of strange smells and activities from appellant’s neighbors.  During this surveillance, Officer Thomas smelled the distinct odor of ether.

To confirm his suspicions, Officer Thomas asked Officer Kent Stagg, an experienced methamphetamine investigator trained in recognizing lab odors, to accompany him on a drive past appellant’s home.  Officer Stagg also smelled ether at the residence.

Officer Thomas, knowing that ether is a key substance in methamphetamine production, that appellant lived at the house exuding the odor, that appellant associated with drug dealers and users, and that appellant himself had fifteen past drug arrests, requested a search warrant of the home. 

When the officers returned to appellant’s residence with the warrant, they found appellant lying in a car in the driveway with a child on top of him.  Near the car, officers found a “burn barrel” that contained several fluid cans with punctured holes.  The officers also found a methamphetamine lab in a rear storage room inside the house.  Soon after, the officers arrested Jerry Hardwick outside the door to the lab and Jack McLean inside the lab.  The officers found three other people at the residence whom they did not arrest.

Police laboratories identified the materials in the storage room, including clear and milky liquids and white powders, as methamphetamine-producing products.  In a bedroom, another officer found gram scales, appellant’s birth and marriage certificates, and other documents that listed appellant’s address as the residence in the search warrant.

III.  Legal Sufficiency

In his first point, appellant argues that the evidence is legally insufficient
(footnote: 2) to establish that he intentionally and knowingly manufactured methamphetamine in an amount more than 400 grams.  Specifically, appellant argues that the State did not produce sufficient evidence to link him to the methamphetamine lab.

A.  Standard of Review

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the 
judgment in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).
 

B.  Applicable Law

A person violates section 481.112 of the health and safety code if he knowingly manufactures a controlled substance.  
Tex. Health & Safety Code Ann.
 § 481.112(a) (Vernon 2003).  
A controlled substance is defined as “a substance, including a drug, an adulterant, and a dilutant, listed in Schedule I through V or Penalty Groups 1, 1-A, or 2 through 4.”  
Seals v. State
, 187 S.W.3d 417, 419 (Tex. Crim. App. 2005) 
(quoting 
Tex. Health &  Safety Code Ann. 
§ 481.002(5) (Vernon Supp. 2006)); 
see also Chapman v. United States
, 500 U.S. 453, 460, 111 S. Ct. 1919, 1925 (1991).  Methamphetamine is a controlled substance.  
See Seals
, 187 S.W.3d at 420.  

To obtain a conviction for the manufacturing of a controlled substance, the State must affirmatively link the defendant either to an interest in the place where the manufacturing was taking place or to the actual act of manufacturing.  
East v. State
, 722 S.W.2d 170, 172 (Tex. App.—Fort Worth 1986, pet. ref’d).  In the present case, the State successfully established several affirmative links between appellant and the methamphetamine manufacturing. 

C.  Analysis

First, both parties agree that appellant resided at the house where the methamphetamine lab was found.  Appellant, however, asserts that his mere presence at the house is insufficient to establish an affirmative link.
  While the presence of an accused at the scene of an offense is not alone sufficient to support a conviction, it is a circumstance tending to prove guilt, which, combined with other facts, may suffice to show that the accused was a participant.  
Beardsley v. State
, 738 S.W.2d 681, 685 (Tex. Crim. App. 1987); 
Valdez v. State
, 623 S.W.2d 317, 321 (Tex. Crim. App. [Panel Op.] 1981) (op. on reh’g).  Here, however, appellant was not merely present at the house during the offense; he lived there.  

Further, the evidence shows that appellant maintained long-term residency in the house.  Because of the nature of methamphetamine production, this fact is significant.  One manufactures methamphetamine in the open.  
East
, 722 S.W.2d at 172.  Also, when a person manufactures methamphetamine using the ether method, there is a strong odor.  
Id
.  Further, the production equipment is relatively cumbersome and clearly in plain view.  
See id. 
 As a result, the fact that a defendant had a prolonged presence on the premises weighs more heavily against that defendant when methamphetamine is being manufactured on the premises.  
See id. 
 Here, appellant not only lived in the house with the lab, but had resided there for some time.  Further, the ether odor was so strong that the officers recognized it without exiting their car.

The State established several other affirmative links between appellant and the methamphetamine manufacturing.  First, the evidence at trial established that appellant had access to the storage room in which the manufacturing took place.  Also, appellant’s residence had exuded an ether odor for a long period of time.  Police found gram scales in appellant’s bedroom and found appellant himself near a burn barrel that was currently in use.  Further, McLean testified that appellant was going to pay back a debt in “dope.”

In determining whether the evidence is sufficient to link the defendant to the contraband, the trier of fact is the exclusive judge of the credibility of the witnesses and the weight to be given their testimony.  
Poindexter v. State
, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005).  Applying the appropriate standard of review, we hold that the evidence, both direct and circumstantial, is legally sufficient to support the jury’s determination that there were sufficient affirmative links between appellant and the methamphetamine manufacturing.  Accordingly, we overrule appellant’s first point.        

IV.  Motion to Suppress

In his second point, appellant argues that the trial court erred by denying his motion to suppress because the search warrant affidavit did not set forth substantial facts to establish probable cause.  Specifically, appellant asserts that Officer Thomas’s affidavit lacked significant, reliable, and credible information indicating that appellant had committed an offense and that officers would find evidence at appellant’s residence.

A.  Standard of Review

In reviewing a search warrant affidavit, we must read the affidavit in a common sense, realistic manner, recognizing that the magistrate who originally reviewed it may draw reasonable inferences from its content.  
See Davis v. State, 
No. PD-0636-05, 2006 WL 2620047, at *6 (Tex. Crim. App. Sept. 13, 2006); 
Jones v. State
, 833 S.W.2d 118, 123-24 (Tex. Crim. App. 1992),
 cert. denied
, 507 U.S. 921 (1993).  Appellate courts should give deference to the magistrate’s determination of probable cause and decide whether that magistrate had a substantial basis for concluding that the search warrant would “uncover evidence of wrongdoing.”  
Swearingen v. State
, 143 S.W.3d 808, 810 (Tex. Crim. App. 2004).   

B.  Applicable Law and Analysis

Appellant’s major complaint centers around Officer Thomas’s statement that officers from other investigative agencies had told him that appellant was involved in methamphetamine manufacturing and kept company with drug users and dealers.  Appellant argues that the affidavit does not note when Officer Thomas spoke with the officers or when the officers acquired their knowledge of appellant’s activities.  Since the State concedes that these affidavit references are too indefinite to justify a basis for probable cause, we turn immediately to the more pressing issue: whether the personal observations of two officers, one of whom was the affiant, regarding the ether smell provide sufficient probable cause for the search warrant.

Texas law is clear that a trained officer’s detection of distinctive odors associated with narcotics is competent evidence of probable cause for a search warrant.  
Lowery v. State
, 843 S.W.2d 136, 142 (Tex. App.—Dallas 1992, pet. ref’d); 
Chavez v. State
, 769 S.W.2d 284, 287 (Tex. App.—Houston [1st Dist.] 1989, pet. ref’d); 
see
 
United States v. Park
, 531 F.2d 754, 759 (5th Cir. 1976).  Additionally, odor evidence alone is sufficient to establish probable cause.  
See Moulden v. State
, 576 S.W.2d 817, 818 (Tex. Crim. App. [Panel Op.] 1978) (holding that, after stopping the defendant for speeding, police officers had probable cause to search the car when they smelled marijuana).  When an affiant seeking a search warrant testifies to the presence of odors associated with drug manufacturing, and a magistrate finds the affiant qualified to recognize the odor, that testimony is considered sufficient evidence towards probable cause.  
See Davis, 
2006 WL 2620047, at *6; 
see also Crawford v. State
, 769 S.W.2d 331, 335 (Tex. App.—San Antonio, 1989, pet. ref’d) (holding that officers’ observations of odors and expertise may be taken into account in determining whether probable cause is present).  

Here, Officer Thomas, a Texas Ranger, had at least three years’ experience and training in the detection of clandestine methamphetamine laboratories and the apprehension of methamphetamine manufacturers and dealers.  Officer Thomas noted this experience in the search warrant affidavit.  Further, Officer Thomas invited Officer Stagg, who was also experienced in methamphetamine investigations, to observe appellant’s home.  As noted in the affidavit, Officer Stagg confirmed Officer Thomas’s suspicions about the ether odor.

Thus, on the same day the affiant observed the odor twice and Officer Stagg observed it once at appellant’s residence, the magistrate read the affidavit and issued the warrant.    

From these facts, the magistrate could conclude that Officer Thomas had a substantial basis to believe that he would find evidence of methamphetamine production at appellant's house.  
See Davis
, 2006 WL 2620047, at *6.  We therefore hold that the magistrate had a substantial basis for concluding that probable cause existed to issue the search warrant, and we overrule appellant’s second point.

V.  Conclusion

Having overruled appellant’s points, we affirm the trial court’s judgment.

PER CURIAM 

PANEL F: LIVINGSTON, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: September 28, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2: Specifically, appellant challenges the trial court’s denial of his motion for instructed verdict, which is a challenge to the legal sufficiency of the evidence.  
See
 
McDuff v. State
, 939 S.W.2d 607, 613 (Tex. Crim. App.), 
cert. denied
, 522 U.S. 844 (1997).