Opinion filed May 9, 2013



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00139-CR

_____

### JOHN DAVID LOPEZ, II, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On appeal from the 29th District Court**

**Palo Pinto County, Texas**

**Trial Court Cause No. 12765**

### M E M O R A N D U M   O P I N I O N

The jury convicted John David Lopez, II, of manufacturing a controlled substance and assessed his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of seventy years. The jury additionally imposed a fine of $10,000. In a single issue, Appellant challenges the sufficiency of the evidence supporting his conviction. We affirm.

*Background Facts*

Texas Game Warden William Burton Jones II testified that he and Deputy Chance Armstrong of the Palo Pinto County Sheriff's Office contacted Appellant on February 18, 2004, at a residence located in Mineral Wells. Appellant answered the door wearing only an open robe. Officer Jones testified that Appellant asked him to go inside the residence to retrieve a pair of jeans for Appellant to put on. As Officer Jones made his way inside the residence, he smelled several chemical odors, including ether. He also observed many items inside the residence that are typically used in the manufacture of methamphetamine.

Officer Jones contacted John Waight of the Texas Department of Public Safety Criminal Investigations Division to report his findings in order that a search warrant could be obtained. The subsequent search of the residence revealed the presence of an operating methamphetamine lab throughout the house. Darla Dowell, a veteran certified site safety officer with the Texas Department of Public Safety, testified that the lab inside the residence was the largest clandestine methamphetamine laboratory that she had ever processed.

*Standard of Review*

We review a sufficiency of the evidence issue, regardless of whether it is denominated as a legal or factual claim, under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). In conducting a sufficiency review, we defer to the jury's

2

role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899. This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the prosecution and defer to that determination. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

*Analysis*

In his sole issue on appeal, Appellant contends that the evidence was insufficient to establish that he manufactured methamphetamine. Specifically, he asserts that the State failed to prove that he "was more than merely present at a purported methamphetamine laboratory." Appellant relies in large part on testimony that the conditions inside the residence were deplorable and that there was neither operating electricity nor running water. We disagree with Appellant's assessment of the evidence.

In order to obtain a conviction for the manufacture of a controlled substance, the State must link the defendant either to an interest in the place where the manufacturing was taking place or to the actual act of manufacturing. *Webb v. State*, 275 S.W.3d 22, 27 (Tex. App.—San Antonio 2008, no pet.); *Isham v. State*, 258 S.W.3d 244, 248 (Tex. App.—Eastland 2008, pet. ref'd); *East v. State*, 722 S.W.2d 170, 172 (Tex. App.—Fort Worth 1986, pet. ref'd). The purpose of this requirement is to protect the innocent bystander who merely inadvertently happens onto a methamphetamine lab. *Isham*, 258 S.W.3d at 248. "Although mere presence at a drug laboratory is insufficient to support a conviction for manufacturing, it is a circumstance tending to prove guilt that, when combined

3

with other facts, shows that the accused was a participant in the manufacturing." *Webb*, 275 S.W.3d at 27.

The State offered evidence at trial that Appellant had custody and control of the premises. Officer Jones testified that Appellant answered the door of the residence in a state of undress and that he requested Officer Jones to retrieve a pair of jeans from the residence for him. Officer Jones further testified that there did not appear to be any other occupants of the residence. Officer Waight testified that Officer Jones and Deputy Armstrong told him that the residence "belonged to" Appellant. Officer Waight also testified that the officers had located two five-gallon buckets that "[Appellant] was using as a toilet." Officer Dowell testified that she believed that the residence belonged to Appellant and that she did not see evidence of anyone else living there. She made other references during her testimony that the premises were possessed by Appellant. She specifically referred to a bedroom in the residence as being "[Appellant's] actual bedroom."

The evidence established that Appellant was far from being an innocent bystander who merely inadvertently happened onto a methamphetamine lab. *See Isham*, 258 S.W.3d at 248. In addition to showing that Appellant had "an interest in the place where the manufacturing occurred," the evidence established that he had actual custody and control of a residence containing a large, operating methamphetamine lab. *See id.* Furthermore, the evidence showed that the lab was in open view and that the odor associated with it was prevalent. The court held in *East*, 722 S.W.2d at 171–72, that evidence was sufficient to establish the manufacture of a controlled substance when a lab was present on the defendant's premises, combined with circumstances where the presence of the lab, because of its open location or odor or both, was shown to have been known to the defendant. Viewing the evidence in the light most favorable to the verdict, we conclude that any rational trier of fact could have found that Appellant knowingly manufactured

methamphetamine.  *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) (West 2010).   Appellant's sole issue is overruled.

*This Court's Ruling*

We affirm the judgment of the trial court.


TERRY McCALL

JUSTICE


May 9, 2013

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.