**Opinion filed October 31, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00289-CR

_____

## RONALD W. SANDERS, Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**
**Callahan County, Texas**
**Trial Court Cause No. 6824**

### M E M O R A N D U M   O P I N I O N

The trial court convicted Ronald W. Sanders of both manufacture and possession of a controlled substance and assessed his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of twenty-five years on each count with the sentences to run concurrently. Appellant challenges his convictions in four issues. We affirm the conviction for manufacturing a controlled substance and vacate the conviction for possession.

*Background Facts*

The indictment charged Appellant with manufacturing and possessing between 200 and 400 grams of methamphetamine. Cody Hurley testified that he

called 911 when he observed smoke coming out the windows of a trailer house located next to his residence. He also noticed the smell of ether coming from the trailer house. He had earlier observed Appellant and Michelle Derrick arrive at the trailer house in a green Chevrolet Blazer. He also saw the person who lived in the trailer house, Lisa Wade, arrive at the same time in a different vehicle. Hurley testified that Wade left the trailer house soon afterward.

Members of the Clyde Volunteer Fire Department, Clyde police officers, and the Callahan County Sheriff's Department arrived at the trailer house in response to the 911 call. Officials could hear people inside the trailer house, but no one answered the front door in response to their loud knocking. Officer Bryan Lee Black of the Clyde Police Department testified that he and the sheriff smelled ether upon arriving at the trailer house and that he recognized that it was a smell associated with the manufacture of methamphetamine. Looking through a window of the trailer house, Officer Black observed Appellant standing inside the trailer house. Officer Black entered through an unlocked back door of the trailer house for the purpose of clearing it for safety reasons. Upon entry, he smelled a very strong odor of ether inside the trailer house. Fireman Ritchie Barr testified that anyone inside the trailer house could have smelled the odor. Officer Black also saw a pot of boiling water on the kitchen stove. After repeated commands, a sheriff's deputy got Appellant and Derrick out of bed; they were in a bedroom located in the northeast portion of the trailer house.

Officer Black testified that the officers continued to search the home in order to clear it for safety reasons. They detected a very strong odor coming from the southwest bedroom area of the trailer house. The odor was so strong that the officers requested the fire department to assist in venting the smell from the bedroom area. Officer Black testified that a subsequent search of an adjacent bathroom revealed the components of a methamphetamine lab. Officers recovered

2

liquid containing methamphetamine from the sink trap located in the bathroom. The aggregate weight of all substances containing methamphetamine recovered from the trailer house totaled 218.13 grams.

Officers initially arrested Appellant and Derrick for criminal trespass based upon information previously provided to them by Wade that no one else was supposed to be in the trailer. Appellant provided the officers with a false name when arrested. Officers subsequently found a spoon and a straw in the northeast bedroom where Appellant and Derrick were located. There appeared to be drug residue on the spoon and the straw. Officers also found a plastic bag of an unknown substance between the mattress and the box springs in the bedroom. In the search of Derrick's vehicle, officers found open blister packs of cold medicine, syringes, an open fertilizer bag, a screen used for making methamphetamine, and a receipt for the purchase of acetone and blue shop towels.

Agent Thadius Jason Haak of the Abilene Police Department assisted in the investigation. He testified that the lab located inside the trailer was actively being used to manufacture methamphetamine. Agent Haak recovered liquid containing methamphetamine from the bathroom sink trap. He also testified that the materials located in Derrick's vehicle were often used in the manufacture of methamphetamine. Sergeant Thomas Elick of the Clyde Police Department testified that the same kind of blue shop towels were being used with the methamphetamine lab found inside the trailer house.

Appellant called Derrick as a witness during his case-in-chief. She testified that she was Appellant's girlfriend at the time and that they were at Wade's trailer house to give Wade's little sister a tattoo. She claimed that she and Appellant lay down in the northeast bedroom to rest while waiting for Wade's sister to arrive. She further testified that the master bedroom, the bedroom adjacent to the bathroom where the methamphetamine was found, was off-limits to them. Derrick

denied smelling ether inside the trailer until after the officers arrived. She also admitted to previously using "dope" inside the trailer house with Wade.

*Sufficiency of the Evidence*

We review a sufficiency of the evidence issue, regardless of whether it is denominated as a legal or factual claim, under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). In conducting a sufficiency review, we defer to the jury's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899. This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the prosecution and defer to that determination. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

*Analysis*

In his second and third issues, Appellant challenges the sufficiency of the evidence supporting his convictions for manufacturing and possessing methamphetamine. He contends that the evidence failed to prove that he was more than merely present at a location where methamphetamine was manufactured and possessed. We disagree.

In order to obtain a conviction for the manufacture of a controlled substance, the State must link the defendant either to an interest in the place where the manufacturing was taking place or to the actual act of manufacturing. *Webb v. State*, 275 S.W.3d 22, 27 (Tex. App.—San Antonio 2008, no pet.); *Isham v. State*, 258 S.W.3d 244, 248 (Tex. App.—Eastland 2008, pet. ref'd); *East v. State*, 722 S.W.2d 170, 172 (Tex. App.—Fort Worth 1986, pet. ref'd). The purpose of this requirement is to protect the innocent bystander who merely inadvertently happens onto a methamphetamine lab. *Isham*, 258 S.W.3d at 248. "Although mere presence at a drug laboratory is insufficient to support a conviction for manufacturing, it is a circumstance tending to prove guilt that, when combined with other facts, shows that the accused was a participant in the manufacturing." *Webb*, 275 S.W.3d at 27.

In a prosecution for possession of a controlled substance, the State must prove that the accused exercised care, custody, control, or management over the substance and that the accused knew the substance was contraband. TEX. HEALTH & SAFETY CODE ANN. § 481.002(38) (West Supp. 2013); *Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006); *Martin v. State*, 753 S.W.2d 384, 387 (Tex. Crim. App. 1988). The State does not have to prove that the accused had exclusive possession of the contraband; joint possession is sufficient to sustain a conviction. *Cude v. State*, 716 S.W.2d 46, 47 (Tex. Crim. App. 1986).

When the accused is not shown to have had exclusive possession of the place where the contraband was found, the evidence must link the accused to the contraband and establish that the accused's connection with the drug was more than fortuitous. *Evans*, 202 S.W.3d at 161–62; *Pollan v. State*, 612 S.W.2d 594, 596 (Tex. Crim. App. 1981). Courts have recognized a number of factors that may link an accused to the drug. *Evans*, 202 S.W.3d at 162 n.12. The legal issue with respect to such "links" is "whether there was evidence of circumstances, in

5

addition to mere presence, that would adequately justify the conclusion that the defendant knowingly possessed the substance." *Evans*, 202 S.W.3d at 161–62 n.9. No set formula exists to dictate a finding of links sufficient to support an inference of knowing possession of contraband. *Isbell v. State*, 246 S.W.3d 235, 238 (Tex. App.—Eastland 2007, no pet.); *Taylor v. State*, 106 S.W.3d 827, 831 (Tex. App.—Dallas 2003, no pet.). It is not the number of links that is dispositive but, rather, the logical force of all the evidence, direct and circumstantial. *Evans*, 202 S.W.3d at 162.

The State offered evidence at trial that Appellant and his girlfriend were present when a neighbor called 911 to report smoke and a smell of ether coming from Wade's trailer house. Officers responding to the scene reported that the smell of ether was overwhelming. The prevalent smell of ether in the trailer house served as a basis for the jury to conclude that Appellant knew of the presence of the operating methamphetamine lab. Furthermore, Appellant and his girlfriend did not respond to repeated requests to answer the door when requested to do so by authorities. Authorities found a spoon and straw that appeared to contain drug residue in the room where the couple was located in the trailer house. The vehicle that Appellant and his girlfriend used to travel to the residence contained many items commonly used in the manufacture of methamphetamine. Additionally, Appellant provided a false name to authorities when they questioned him, and that is some evidence of a consciousness of guilt on his part. *See Robinson v. State*, 236 S.W.3d 260, 267 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). Viewing the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found that Appellant knowingly manufactured and possessed methamphetamine. Appellant's second and third issues are overruled.

*Motion to Suppress*

In his first issue, Appellant challenges the trial court's ruling on his motion to suppress. He contends that the police lacked sufficient exigent circumstances to conduct a warrantless search of the trailer house. We review a trial court's ruling on a motion to suppress for an abuse of discretion. *Martinez v. State*, 348 S.W.3d 919, 922 (Tex. Crim. App. 2011); *Lujan v. State*, 331 S.W.3d 768, 771 (Tex. Crim. App. 2011). In reviewing a ruling on a motion to suppress, we apply a bifurcated standard of review. *Martinez*, 348 S.W.3d at 922–23; *Hubert v. State*, 312 S.W.3d 554, 559 (Tex. Crim. App. 2010). First, we afford almost total deference to the trial court's determination of historical facts and of mixed questions of law and fact that turn on the weight or credibility of the evidence. *Martinez*, 348 S.W.3d at 922–23; *Lujan*, 331 S.W.3d at 771. Second, we review de novo the trial court's determination of pure questions of law and mixed questions of law and fact that do not depend on credibility determinations. *Martinez*, 348 S.W.3d at 923.

Appellant presented his motion to suppress for consideration immediately prior to the beginning of the bench trial. After a brief hearing based primarily on arguments offered by counsel, the trial court denied the motion to suppress. However, the parties continued to address the basis for the search of the trailer during trial. In determining whether a trial court's decision is supported by the record, we generally consider only evidence adduced at the suppression hearing because the ruling was based on it rather than on evidence introduced later. *See Gutierrez v. State*, 221 S.W.3d 680, 687 (Tex. Crim. App. 2007). This general rule is inapplicable, however, when the parties consensually reopened the evidence and relitigated the suppression issue during trial on the merits. *Id.*

The State asserts on appeal that Appellant lacked standing to challenge the warrantless search of Wade's trailer house. We agree. We initially note that the parties did not raise the issue of standing in the trial court in connection with

Appellant's motion to suppress. However, the State can challenge a defendant's standing to complain about a search for the first time on appeal. *See State v. Klima*, 934 S.W.2d 109, 110 (Tex. Crim. App. 1996).

An accused may challenge a search under the federal and state constitutions only if he had a legitimate expectation of privacy in the place that was searched. *Rakas v. Illinois*, 439 U.S. 128, 143 (1978); *Granados v. State*, 85 S.W.3d 217, 222–23 (Tex. Crim. App. 2002). The burden of proof is on the defendant to show a legitimate expectation of privacy. A defendant may make such a showing by "establishing that he had a subjective expectation of privacy in the place invaded that society is prepared to recognize as reasonable." *Granados*, 85 S.W.3d at 223. Whether a defendant has standing to contest a search and seizure is a question of law reviewed de novo. *Parker v. State*, 182 S.W.3d 923, 925 (Tex. Crim. App. 2006).

Based on the evidence presented at trial, we conclude, as a matter of law, that the evidence is insufficient to show a legitimate expectation of privacy by Appellant. The evidence is undisputed that Wade owned the trailer house and that Appellant and his girlfriend were merely casual visitors there. An "overnight guest" has a legitimate expectation of privacy in his host's home. *Luna v. State*, 268 S.W.3d 594, 603 (Tex. Crim. App. 2008) (citing *Minnesota v. Olson*, 495 U.S. 91, 98 (1990)). However, the legitimate privacy expectation of an overnight guest does not extend to a casual visitor or guest who is merely present with the consent of the homeowner. *Minnesota v. Carter*, 525 U.S. 83, 90 (1998); *see Calloway v. State*, 743 S.W.2d 645, 650 (Tex. Crim. App. 1988). Furthermore, Wade had previously instructed the Clyde Police Department that no one was supposed to be in the home if she was not present. A guest's expectation of privacy is controlled to a significant degree by the wishes of the host, and a host may diminish the guest's expectation of privacy by permitting the police to search the premises.

*Granados*, 85 S.W.3d at 222–25. Consequently, Appellant failed to establish that he had standing to contest the search of the trailer house. Appellant's first issue is overruled.

*Double Jeopardy Violation*

In his fourth issue, Appellant contends that his prosecution arising from a single cache of methamphetamine for both its manufacture and possession violates the Double Jeopardy Clause of the U.S. Constitution. See U.S. CONST. amend. V. We agree. Appellant was charged with manufacturing and possessing between 200 and 400 grams of substances containing methamphetamine. As noted previously, the aggregate weight of all the substances totaled approximately 218 grams. Therefore, the same drugs were used to convict Appellant of both the possession and the manufacture of methamphetamine. This is a violation of the Double Jeopardy Clause of the United States Constitution. *Weinn v. State*, 326 S.W.3d 189 (Tex. Crim. App. 2010). Appellant's fourth issue is sustained.

*This Court's Ruling*

The remedy when a violation of the Double Jeopardy Clause has occurred is to vacate the lesser sentence and retain the greater sentence. *See Ex parte Cavazos*, 203 S.W.3d 333, 337 (Tex. Crim. App. 2006). Therefore, Appellant's conviction for possession of methamphetamine is vacated and set aside. We affirm the remainder of the judgment of the trial court, including the conviction for the manufacture of methamphetamine.

TERRY McCALL

October 31, 2013　　　　　　　　　　JUSTICE

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.

9